Waterbury agt. Sinclair.

## SUPREME COURT.

NOAH WATERBURY, Respondent agt. W. ANN SINCLAIR and GEORGE SINCLAIR, impleaded, &c.

This action was brought upon a promissory note made by D. payable to W., (the plaintiff,) or his order, three months after date, for an alleged present indebtedness in part, and in part for prospective rent. It was indorsed in blank by S., acceding to and knowing the purpose for which the note was made, before it was delivered to the plaintiff.

*Held*, on a review of all the principal cases upon this question, that the only way in which the plaintiff could make the note available to himself against the indorser, would be by indorsing it to the defendant S. without recourse, and then taking the defendant S.'s indorsement as the source of his title, as well as the foundation of his rights.

Also *held*, that the complaint was defective in not alleging such a transfer. It did not show the defendant S. to have indorsed the note at all in a legal sense, and the plaintiff must get an indorsement, and not rely on parol proof of a contract, or he could not recover under the present doctrines of the courts. The defendant S. could not be charged as maker or guarantor.

This decision reversed that at special term, where it was held by S. B. STRONG, Justice, that no indorsement by the payee (plaintiff) was necessary, in order to perfect his right. His rights whatever they were, accrued when the note was delivered to and accepted by him, and were in no manner dependent upon any additional indorsement; that the rule that the payee must first indorse the note, is founded upon the fact that he alone can transfer it; and that when, as in this case, there was no transfer, the reason of the rule failed.

*Kings General Term, February*, 1858.

*Present,* S. B. STRONG, LOTT *and* EMOTT, *Justices.*

THE complaint of the above named plaintiff respectfully shows to this court:

That on the 9th day of November, in the year 1855, the de-

fendant George Dick was justly indebted to this plaintiff in the sum of three hundred and eight dollars and forty-two cents, for rent of certain premises in the city of Brooklyn, before that time let and rented to said defendant Dick, by this plaintiff, and for a certain promissory note made by said Dick, and delivered to this plaintiff, which was then past due and held by said plaintiff. That for the purpose of securing the said indebtedness, and also the further sum of one hundred dollars, which would accrue and become due from said defendant Dick, to this plaintiff, on the first day of February then next, for the rent of said premises above mentioned, and in consideration of the forbearance of the day of payment of said indebtedness by this plaintiff, and as an inducement for said plaintiff to allow said Dick to remain in possession of said premises, said Dick agreed to make and deliver to this plaintiff his promissory note in writing, indorsed and guarantied to this plaintiff by the defendant William Ann Sinclair, then a *feme sole*, and known by the name of William Ann Lawson, payable three months thereafter, for the sum of four hundred and thirteen dollars and eighty-two cents, being the amount of said indebtedness, with three months' interest, and the said rent of said premises; and the said defendant William Ann Lawson, with a full knowledge of all the facts above stated, and for the same consideration, agreed to indorse and guaranty said note to this plaintiff.

That thereupon, in pursuance of said agreement, and for the consideration aforesaid, the said George Dick, on the said ninth day of November, in the year 1855, made his promissory note in writing, bearing date on that day, whereby for value received, he promised to pay, three months after the date thereof, to this plaintiff, or his order, the said sum of four hundred and thirteen dollars and eighty-two cents, for value received, at No. 190 Pearl street, in the city of Brooklyn; and the said defendant William Ann Sinclair, indorsed the same by the name of " W. A. Lawson," and the same was afterwards duly delivered to this plaintiff, who thereupon became, and ever since has been, and now is, the sole owner and holder thereof.

That said defendant Dick remained in possession of said premises until after the said sum of one hundred dollars became due for rent. That on the day whereon the said note became due and payable, the same was duly presented for payment at the place therein designated, and payment thereof was duly demanded which was refused, whereupon said note was duly protested for non-payment, and due notice of such non-payment and protest was on the same day given to said defendant William Ann Lawson.

That since the said note became due, and as this plaintiff is informed and believes, some time during the year 1857, the said defendant William Ann Lawson, intermarried with the defendant George Sinclair, and is now the wife of said George Sinclair.

That no part of the sum secured by said note has been paid to this plaintiff, or to any person for his use, and that the said defendants are justly indebted to this plaintiff on account thereof, in the sum of four hundred and thirteen dollars and eighty-two cents, and also in the further sum of seventy-five cents for the fees of said protest paid by this plaintiff, besides interest.

Wherefore this plaintiff demands judgment against the said defendants, for the sum of four hundred and fourteen dollars and fifty-seven cents, together with interest thereon from the twelfth day of February, one thousand eight hundred and fifty-six, besides his costs of this action.

The above defendants demur to the complaint of the plaintiff herein, and assign for a ground of objection thereto that it does not state facts sufficient to constitute a cause of action as to said defendants.

*Special Term, December 1st*, 1857.

*Present*, Hon. S. B. STRONG, *Justice.* The demurrer of the defendants George Sinclair and William Ann his wife, to the complaint in this action, having been argued, and after hearing John Paulding, Esq., of counsel for said defendants, in support of said demurrer, and Theodore F. Jackson, of counsel for

plaintiff, in opposition thereto : It is ordered and adjudged, that the same be overruled with costs, and that the plaintiff have judgment thereon with costs against said defendants. And it is hereby further ordered that the said defendants have liberty to answer the complaint in this action, on payment of the costs of their said demurrer, a copy of such answer to be served, and such costs to be paid within twenty days from the service of a copy of this order. And in the meantime let pro-ceedings on the part of the plaintiff be stayed

S. B. STRONG, Justice. This is an action on a promissory note by the payee against the maker and an indorser, who was a *feme sole* when she indorsed the note, but has since married, and her husband was made a party.

The note was payable to the plaintiff or his order, three months after its date. It was partly for a debt from the maker to the payee, existing at the time, and partly for prospective rent, and was made and indorsed pursuant to an arrangement between the maker and the payee to extend the time of the payment of the debt, and to preserve the continued occupancy of the demised premises, which was known to the indorser. It was indorsed in blank before it was delivered to the plain-tiff. The note was presented to the maker when it became due, and payment was refused, and it was thereupon protested, and due notice given to the indorser.

As the note was negotiable, and there is no express engage-ment by Mrs. Sinclair, as guarantor, she must be considered as an indorser only. The allegation in the complaint, that she agreed to guaranty the payment of the note, is not, therefore, made out; but as that is coupled with the averment that she agreed to indorse it, what is said in reference to the guaranty may be considered as surplusage. The plaintiff can sustain his suit if he should prove enough of the averments in his complaint to maintain an action, although he may fail in es-tablishing the whole.

The main question is, whether one who has indorsed a note before delivery, can be made liable to the payee who has not

indorsed it? That one may become an indorser, under such circumstances, appears to be well settled. An indorsement by the payee is undoubtedly essential to a valid transfer of the note when it is payable to his order; and when he actually indorses it, I cannot see that he can maintain an action upon it against a subsequent indorser. That, if permitted, would be an inversion of the usual order of liability. The idea of the late chancellor, that a subsequent indorser may be rendered responsible to a prior one by an indorsement by the latter, without recourse to him and a delivery of the note to some nominal plaintiff who might prosecute for him, was denounced when it was advanced, by a learned member of the court for the correction of errors, and at any rate is not now considered to be sound law.

That any one who writes his name upon the back of a negotiable note not then indorsed by the payee, assumes an inchoate liability, there can be no doubt. If the name and signature of the payee should afterwards be prefixed, that would be clearly all that would be formally necessary to consummate the responsibility. That would, as I conceive, be absolutely necessary in all cases when the holder was to be any other than the payee.

But is there the same or any necessity for an indorsement by the payee when there is a general indorsement by another designed for his benefit? What is the general engagement by the indorser? It is to pay the note to any subsequent holder, provided it is duly presented to and payment refused by the maker, and due notice of non-payment is given. It can make no difference, as I conceive, whether the subsequent holder is the payee or another. There is the same equity in favor of either, and there is no technical rule against the liability to the payee, unless he is also the prior indorser.

An indorser of a promissory note is considered in the light of a drawer of a bill of exchange upon the maker to pay the amount to any subsequent holder, whether named or not. (*Chitty on Bills*, 155, 156, *and the cases there cited.*) Surely he can make the bill of exchange payable to the person named in

the body of the note as the payee.   There is no principle ap-
plicable to commercial paper which forbids that.   That it may
be an order upon the maker to do what he at the same time
engages to do, can make no difference.   That is done, or is the
effect of what is done, in other cases ; as when there has been
a previous promise of the drawer of a bill of exchange to ac-
cept it, or where a bill payable at a future day has been ac-
cepted.   There are in such cases, both an order from one, and
a promise by another, upon such order already made, or to be
made to pay.   In substance, the note in question contains a
promise to pay money to the payee upon the order of the in-
dorser; and that under such circumstances, an action may be
maintained by the payee against the indorser, was decided in
the case of *Willis* agt. *Green*, (10 *Wend*. 516.)

There is no necessity for proving a valid consideration for
the obligation of an indorser, and certainly none for reducing
the consideration to writing.   He is not considered as entering
into a special promise to answer for the debt, default or mis-
carriage of another person within the statute.   An entire want
of consideration might be available between the original parties
at common law, but in this case enough is averred to create
the liability of an indorser.

The case of *Gilmore* agt. *Spies*, (1 *Barb. S. C. R.* 158, *and* 1
*Comst.* 321,) was much like that now under consideration, ex-
cept that no notice had there been given to the indorser.   He
escaped solely on that ground.

The counsel for the defendants in that case, who was an
acute and experienced lawyer, contended before this court, that
the indorser was " only liable on condition of a demand of pay-
ment at the expiration of the days of grace and notice of non-
payment."   He did not contend, nor did this court assume,
that the indorser would not have been liable if demand of pay-
ment had been given, duly made and notice of non-payment
had been given.   If, in that case, the indorser did not origin-
ally assume any liability to the payee, that would have been
a sufficient defence for him ; and it would have been unneces-
sary to consider any other.   When the case was before the

court of appeals, the defendant was considered by Judge BRON-
SON to be an indorser, and as such entitled to notice of non-pay-
ment. Such was also the opinion of Judge JEWETT, but Judge
GARDINER dissented, and held that the defendant by his in-
dorsement contracted that if the note was duly demanded of
the maker, and not paid, or if after the exercise of due dili-
gence, no such demand could be made, he would on due notice
pay the amount to the indorsee or holder. In that case, as in
this, the action was by the payee of a note against the indorser,
and neither counsel nor any of the judges supposed that the
indorser did not assume any liability to the payee. In the
case of *Herrick* agt. *Carman*, (12 *Johnson*, 159,) the note, it is
true, had been indorsed by Herrick when it was delivered to
the payees, but they subsequently prefixed their indorsement
and then sold it to Carman, at a large discount, to whom the
facts were known. Chief Justice SPENCER remarked, that it
did not appear that Herrick indorsed the note for the purpose
of giving the maker credit with the payees, or that he was in
anywise informed of the use to which the maker intended to
apply the note; and that in the absence of any proof to the
contrary, the court must intend that Herrick meant only to
become *second* indorser, with all the rights incident to that
situation. The chief justice adds, that Herrick must have
known that his indorsement would be nugatory, unless pre-
ceded by that of the payees of the note. He cites no authority
for this, and it is to be presumed that what he said was in ref-
erence to the circumstances of that case; and that he did not
intend to lay down the rule as of universal application.

The case of *Ellis* agt. *Brown*, was where there had been a
transposition of indorsements, and the question was, whether
in such case, an indorser in effect could recover against his
indorsee, and it was rightly decided that he could not. That
is certainly the rule where the payee of the note actually in-
dorses it, or where his indorsement is necessary to give it effect
in the hands of him who seeks to enforce it. But in the pres-
ent case, no indorsement by the payee was necessary in order
to perfect his right. His rights, whatever they were, accrued

when the note was delivered to and accepted by him, and were in no manner dependent upon any additional indorsement; what they were has been already shown.

I repeat, that the rule that the payee must first indorse the note, is founded upon the fact, that he alone can transfer it; and that when, as in this case, there was no transfer, the reason of the rule fails; and it is, therefore, inapplicable.

There must be a judgment for the plaintiff, with leave to the defendants Sinclair and wife, to withdraw their demurrer and answer in twenty days, upon the payment of costs.

JOHN PAULDING, *counsel for appellant.*

*First.* The action must either stand upon the note itself, or upon the special contract set up in the pleadings.

*Second.* It cannot be maintained upon the paper as a promissory note; the import of the instrument being that the indorser is secondarily liable after the payee. (*Dean* agt. *Hall*, 17 *Wend.* 214; *Seabury* agt. *Hungerford*, 2 *Hill*, 80; *Hall* agt. *Newcomb*, 3 *Hill*, 233; *Oakley* agt. *Johnson*, 21 *Wen.* 588; *Labron* agt. *Woram*, 1' *Hill*, 91; *Tallman* agt. *Wheeler*, 17 *John.* 326; *cited in Story on Promissory Notes*, 2d ed. § 476.)

Before the case of *Hall* agt. *Newcomb*, (3 *Hill*, 233, 7 *Hill*, 416,) the defendant under the circumstances of this indorsement as to time, might have been held as guarantor, if upon sufficient consideration. (*Story on Promissory Notes*, 2d ed. §§ 133, 134, *and cases cited.*)

But since that, by that case and those of *Spies* agt. *Gilmore.* (1 *Comst.* 321); and *Ellis* agt. *Brown*, (6 *Barb. S. C. R.* 282,) an indorsement cannot by intrinsic evidence be turned into a guaranty; that theory fails.

The idea that it may be treated as a bill of exchange, was discussed and elaborately reviewed by the court in *Ellis* agt. *Brown*, (*supra*,) and was overruled by three judges against one.

*Third.* The whole substance of the recent decisions is, that the statute of frauds must be sustained, when the conceded facts are such as to bring the case within its provisions.

In this case, the special contract set up in the complaint

must be taken as a substitute for the blank indorsement, (if the court will modify the written contract as made and accepted by the parties,) and over the blank indorsement must be written, that " I hereby indorse *and guaranty* the within."

This would be void, as not being an original promise. (*Brewster* agt. *Silence*, 4 *Sel.* 207 ; *Brown* agt. *Curtis*, 2 *Comst.* 225 ; *Durham* agt. *Manrow, id.* 533 ; *Hall* agt. *Farmer, id.* 553.)

(The word *guaranty* is not surplusage, as is suggested by Judge STRONG, (*folio* 13,) as it is in the conjunctive with " indorse," and is as much a part of the agreement as any other word.)

*Fourth.* It is sought to evade the statute by making this an absolute instead of a conditional promise ; and certainly if the note had been drawn to *defendant's order* and indorsed by her to the plaintiff, it would have been so under the common law rules of evidence, and defendant would not have been permitted to introduce evidence to change the character of the written contract. But as on the paper the defendant stands as second indorser by commercial law, the only means of making that the basis of an absolute promise to the payee, is to ask the court to remodel it by an equitable interference, so as to make the note payable to defendant's order. When, however, as the ground for changing the contract, they present facts which show that defendant was not an original promissor, but was engaging to answer for the debt and default of another, the court will not intercede in opposition to the policy of the statute. If they will so intercede, they might as well at once draw up a new contract of guaranty, and express a consideration.

By the statute of frauds, (2 *R. S. 4th ed. p.* 317, § 2, *subd.* 2,) " the legislature intended to protect parties not only against the loose recollections and uncertain interpretations of witnesses, but also against their own inconsiderateness in entering into obligations for others which might eventuate in their own ruin." (*Per* STRONG, *Justice, in Brown* agt. *Curtis,* 2 *Comst.* 233.) In the case now under review, there was not the

slightest consideration of advantage to defendant; and the court should not interfere to change her contract.

The only case relied upon by plaintiff, (since the new rule established by *Hall* agt. *Newcomb*,) is that of *Spies* agt. *Gilmore, supra*. It is cited as a negative, and because Mr. Crist, the defendant's counsel, did not avail himself of the ground as to the second indorsement, it is brought out in opposition to the settled law, which has never been questioned since *Herrick* agt. *Carman*, (12 *John*. 159.) This case is incidentally cited as law, in over thirty cases since its decision. See also the remarks of the court in *Ellis* agt. *Brown, supra*, where the omission is alluded to on pages 290, 291.

*Lastly*. Where it appears by admitted facts that the promise whatever be its form, (if insufficient under the statute,) is to answer for the debt, &c, of another, it must be void by the absolute terms of the statute. No exception is made therein as to forms, nor any reference to the rules of evidence affecting written instruments. If the plaintiff would rely upon the instrument as absolute in its terms, he must rely on that alone. If he brings his case within the statute he must fall by it.

THEODORE F. JACKSON, *counsel for respondent*.

The complaint in this action shows:

That the note in question was indorsed by the appellant, W. Ann Sinclair, before its delivery to the payee, who is the plaintiff herein. (*Folio* 4.)

That said note was so indorsed in pursuance of a prior agreement that said appellant would indorse said note to this plaintiff, and for the purpose of giving the maker credit with the payee. (*Folios* 2, 3, 4.) That said defendant had due notice of the non-payment and protest of said note. (*Folio* 5.)

*First*. The facts alleged are sufficient to constitute a cause of action against the defendant, W. Ann Sinclair.

1. There was no necessity for alleging any consideration for the indorsement. (*Willis* agt. *Greene*, 10 *Wend*. 516.)

2. But if it were necessary, the consideration alleged is suf-

Waterbury agt. Sinclair.

ficient. (1 *Parsons on Contracts*, 368, 369; *Story on Promissory Notes*, § 186; *Spies* agt. *Gilmore*, 1 *Comst.* 321.)

*Second.* The defendant W. Ann Sinclair, is liable to the plaintiff upon the note in question as an *indorser.*

1. The defendant Sinclair was in effect the payee of the note, and by her indorsement engaged to pay the same to the plaintiff, on receiving notice of non-payment by the maker. (*Bishop* agt. *Hayward*, 4 *Term R.* 470; *Bayley on Bills*, ch. 5, p. 179, *3d London ed.*)

2. Or if the defendant cannot be considered in effect as the payee, then the note amounts to a promise to pay to the payee upon the order of the defendant, who by her indorsement engages to pay to any subsequent holder of the note, whether named or not. (*Chitty on Bills*, 155, 156; *Willis* agt. *Greene*, 10 *Wend.* 516; *Spies* agt. *Gilmore*, 1 *Comst.* 321; *Hall* agt. *Newcomb*, 7 *Hill*, 416; *Seabury* agt. *Hungerford*, 2 *Hill*, 80; *Moore* agt. *Cross*, 23 *Barb. S. C. R.* 534; *Nelson* agt. *Dubois*, 13 *Johns. R.* 175.)

*Third.* The contract of the indorser is not within the statute of frauds.

By the court—EMOTT, Justice. The precise question which is discussed in the opinion delivered by the learned judge at special term, has been decided in two recent cases in this court in different ways. This is not to be wondered at, considering the present unhappy constitution of the court and the obscurity in which the question is involved, partly by decisions, but more by *dicta* of the judges. In *Ellis* agt. *Brown*, (6 *Barb.* 282,) three of the judges of this court at a general term in the sixth district, (Judges GRIDLEY, C. GRAY and ALLEN, Judge PRATT, dissenting,) held that when A indorsed a note made by B and C, payable to D, although the indorsement was made expressly to give credit to B and C, and that they might obtain goods of D upon the credit of A, which they did; yet that a holder of the note who received it from D for the purpose of suing it for the benefit of D, could not recover upon it. I understand the decision to be made upon the ground that the

rights of the plaintiff were precisely those of D, and that D could maintain no action *on the note* against A. I do not understand that the transfer was considered by the court to make any difference. In fact, I think the case is put distinctly by the court, upon the ground that it did not. If so, the case is directly in point against the present action. On the other hand, the judges of the first district have supported the opposite doctrine in *Moore* agt. *Cross*, (23 *Barb.* 534.) The authority of this case however is weakened by the fact that it was really only a formal judgment resting on the opinion of Judge ROOSEVELT alone. The case was first argued before Judges ROOSEVELT, CLERKE and DAVIES. The latter two judges held that an action could not lie by a payee against an indorser, under the circumstances of that case, which were like the present. A re-argument was ordered, but without waiting for it to be had, Judge MITCHELL, who was then on the bench, concurred formally in the views of Judge ROOSEVELT, Judge DAVIES dissenting and adhering to the opinion of Judge CLERKE, on the first argument.

In the case of *Spies* agt. *Gilmore*, in the court of appeals, (1 *Comst.* 334,) Judge BRONSON speaks of the early cases in which the character and extent of the liability of an indorser to the payee of a note is discussed and determined, as cases which hold in effect that a written contract of one kind may be turned into a contract of a different kind by parol proof, and he says, that after some time and some difficulty, they have been got rid of. It is undeniable that the case of *Hall* agt. *Newcomb*, in the court of errors, (7 *Hill*, 416,) and the case of *Spies* agt. *Gilmore*, to which I have just referred, have overruled the doctrine of the early cases, that a man who wrote his name upon the back of a note payable to a third person, in order to give the maker credit with that third person, can be treated as a guarantor or joint maker. But I think it is not as yet by any means clearly ascertained what we are to have in place of this doctrine, or in what manner and upon what theory parties are to be held liable in such cases.

It will be needful to notice briefly the cases. In *Herrick*

Waterbury agt. Sinclair.

agt. *Carman*, (12 *J. R.* 161,) there was not sufficient proof of privity of the defendant with the consideration, or that he meant to be anything else than a second indorser. The decision is indisputably correct, but Judge SPENCER expresses the opinion that if that proof had been supplied, the defendant could have been held as a guarantor, and that is no longer good law in this state. The note in that case was payable to the order of the payee whose rights the plaintiff represented. In *Nelson* agt. *Dubois*, (13 *J. R.* 175,) the opinion which had been expressed *obiter* in *Herrick* agt. *Carman*, was adopted and applied by the court; as it was in *Campbell* agt. *Butler*, (15 *J. R.* 349.) It may be material to remark, that in *Nelson* agt. *Dubois*, the note was payable to bearer, but in *Campbell* agt. *Butler*, it was payable to the order of the payee. In *Dean* agt. *Hall*, (17 *Wend.* 214,) it was held that a party who had put his name on the back of a promissory note payable to the plaintiff or bearer, could not be treated as a guarantor or joint maker, but must be charged as an indorser, if at all. This case was followed by *Seabury* agt. *Hungerford*, (2 *Hill*, 84,) in which also the note was payable to the payee or bearer.

The principle of these cases, and it is very clearly expressed in the opinion in the latter case, is, that when the form of the note is such, that with proper diligence, the defendant could not be charged as an indorser, the plaintiff may write over his name a contract which would carry out the intention of the parties. But when, as in that case, the note being in legal effect payable to the bearer and the insertion of the name of the plaintiff as payee being immaterial, the defendant could have been charged as an indorser, he cannot be charged in any other way. The learned judge who delivered the opinion, concedes that if the note had not been negotiable, or if for any other reason, the case had been such that the defendant could not have been charged as indorser, the courts rather than suffer the contract to fail altogether, would write such a contract over the defendant's name as the proof justified. In *Hall* agt. *Newcomb*, (3 *Hill*, 233,) the note in question was payable to the plaintiff or order, and was indorsed by the defendant for

Waterbury agt. Sinclair.

the accommodation of the maker.  The suit was brought without giving the defendant notice of non-payment, intending to treat him as guarantor or joint maker.  The supreme court held that this could not be done in the case of a note payable to the order of the plaintiff, any more than when the note was payable to bearer; and upon the same principle, Judge COWEN says that the maxim *ut res magis valeat quam pereat* lies at the basis of construing a simple indorsement as a guaranty or an absolute promise.  That is, whenever the contract and the intention of the parties must fail altogether unless this is resorted to, such a forced construction will be made, but not otherwise.  He adds, that the plaintiff in that case (the payee) might have put the note in such a form by indorsing it himself as to charge the defendant as second indorser.  And the result of this case with the other authorities, is, that it is not necessary to turn an indorsement into a guaranty or a joint promise, in order to save the contract from total failure in any case except where the note is not negotiable.  When this case of *Hall* agt. *Newcomb*, went to the court of errors, (7 *Hill*, 416,) the judgment of the supreme court was affirmed by a majority vote, after two arguments.

This established the principle that such an indorsement can be made available to the payee as such, and so as to hold the party making it as an indorser for the benefit of the payee; and, therefore, the holder of such a note, whether payee or indorsee, will not be allowed to treat a party who has made such an indorsement, otherwise than as an indorser.  Chancellor WALWORTH delivering the leading opinion, sanctions the reasoning and conclusions of the supreme court, and proceeds to show how such an indorsement can be made available to the payee of the note.  And although his views upon this point were characterized by Senator BOCKEE, as recommending a finesse and shuffling game, unworthy the dignity of the law, that remark was made in a dissenting opinion, in which the learned senator endeavored to restore the old rule by which the defendant could be treated as a guarantor or joint maker. His argument was that to render the defendant liable as an in-

dorser, required a sort of finesse which the law would not resort to, and therefore under the rule that the contract and the design of the parties should not be permitted wholly to fail, and by the maxim *ut res magis valeat quam pereat*, the courts must make out a contract of guaranty or joint undertaking. Whether his reasoning is sound or not, it is not for me to say; it is sufficient that it was overruled and the contrary doctrine established. It may be added that in making this decision the majority of the court not only adopted the conclusion but the views of the chancellor. Senators BARLOW and WRIGHT, who were the only other members of the court who delivered opinions, concurred in the view taken of the case by the chancellor, as well as in the result of his argument. The late case of *Spies* agt. *Gilmore*, in the court of appeals, (1 *Comst.* 321,) was similar in its circumstances to *Hall* agt. *Newcomb*. The judgment of the supreme court was affirmed, on the ground that the defendant could not be made liable as guarantor or maker. I agree that the case sustains the doctrine that he could be made liable as indorser, for under the principles which run through the cases to which I have just adverted, and which are expressly approved by Judges BRONSON and JEWETT, in this case, if the defendant could not with proper diligence have been charged as an indorser, the court was bound to treat him as a joint maker. The opinions of the court of appeals do not, however, afford us any light upon the question, in what manner or upon what theory this is to be done. After much consideration of the question, and of the able and ingenious reasoning of my learned associate, in the court below, as well as of the well considered opinion of Judge ROOSEVELT in *Moore* agt. *Cross*, above referred to, I am unable to agree with their view of the defendant's liability. It is true, of course, that the engagement of an indorser, (and it must be remembered that we are not to hold the defendant as an indorser of commercial paper strictly,) is to pay the note to any subsequent holder, if it is duly presented to and payment refused by the maker, and due notice given to the indorser. But this liability is only to a *subsequent holder*, and the question is, how or in what man-

ner, under what circumstances the payee of a note can become or be a subsequent holder to a party whose name is not in the note at all? We must make this out by the note itself, for we are refused the aid of parol evidence, or at most we can only resort to it to prove the consideration and authority for the written contract of indorsement which is to be supplied above the defendant's name. It strikes me, that neither the payee nor any one else can be such a subsequent holder, unless he has received the note from the indorser. He must be a party to whom that indorser, or some one deriving title through him, has transferred it, because if the note has not been properly transferred to him he is not a holder at all, and if it has not been transferred by the agency of the party to be charged, the holder cannot be subsequent to that party. I do not understand an indorsement as anything else than a contract of transfer. If the note is not negotiable, that is transferable, writing a man's name across the back of it for any purpose whatever it may be, is not legally an indorsement. When it is said that the contract of an indorser is equivalent to drawing a bill of exchange on the maker, it means a bill of exchange referring to the terms of the note indorsed. There cannot be a bill of exchange made upon the back of a note, unless the maker upon the face of it has promised either directly or indirectly through prior indorsers, to pay the note to this indorser, who thus orders him to pay it to some one else. Until the payee has made his bill of exchange or drawn his order upon the maker whose promise to him lies at the foundation of the matter, no one else can make such a draft or bill, at least not effectually. The opinion in the court below admits, as I understand it, that if this note had been transferred to a third party, there could be no recovery upon it, and there would be no valid contract by the defendant unless the plaintiff had first indorsed it. I am unable to see how the indorsement of the defendant can be valid for the plaintiff, and nugatory as to any subsequent claimant at the same time, or how her engagement is one thing to the plaintiff, and something else to all others, while it is still strictly an indorsement to all;

Waterbury agt. Sinclair.

especially when the plaintiff can only recover by placing himself in the position of such a holder or indorser. If we were at liberty to allow the plaintiff in his peculiar position to treat her as a maker or guarantor, the reasoning would be well enough. But we have no such right. The long and short of the matter is, that the plaintiff here claims that the defendant Ann Sinclair, has indorsed to him a note, which upon the statements in his pleadings she never could have indorsed, because she never was either payee or indorsee, so as to enable her to indorse again to any subsequent party. It will be remembered that we are not inquiring what the plaintiff might do or had a right to do, but what he alleges that he has done. Under the Code, the title of a plaintiff to a note must be set out, and all the facts alleged, which are necessary to a recovery. I think the only way in which the present plaintiff could make such a note as this available, would be by indorsing it to the defendant without recourse, and then taking the defendant's indorsement as the source of his title as well as the foundation of his rights. The proof of the extrinsic facts stated in the complaint, will be necessary to justify this apparent transposition of the parties to the note, but it will justify it, and, therefore, these facts are properly alleged.

But the complaint is defective in not stating such a transfer. It does not show the defendant to have indorsed the note at all in a legal sense, and the plaintiff must get an indorsement, and not rely on parol proof of a contract, or he cannot recover under the present doctrines of the courts. The process by which this is to be accomplished may be called a manœuvre, but it is a necessary one, and, therefore, it must be performed and then alleged and proved.

I am compelled to the conclusion that this complaint is defective, and that the order of the special term should be reversed with costs, and judgment ordered for the defendant on the demurrer, with leave to the plaintiff to amend on the usual terms.