# COURT OF APPEALS.

JAMES MOORE, respondent, agt. JOHN A. CROSS, appellant.

Parol evidence is admissible in an action upon a promissory note between the parties to it, to prove the original consideration and agreement of the parties, and that the agreement is contrary to the legal inference from the face of the note.

Where the *second indorser* of a negotiable promissory note puts his name upon it in blank, with the knowledge that it is to give the maker credit with the payee, he is liable in an action by the payee.

Where the *right* of the payee to indorse without recourse appears, as in this case, substantial justice is promoted by regarding it *as done*, and its being done is the merest matter of form. (*This seems to overrule the decision on this point in the prevailing opinion, and sustains the opinion at special term in Waterbury agt. Sinclair, 16 How. 329.*)

*June Term*, 1859.

ONE McGervey, a retailer in coal, applied to the respondent Moore, to buy coal of him. Moore offered to sell him for paper, to be indorsed by Cross, the appellant.

McGervey thereupon applied to Cross, with whom he had dealings, informing him of the offer. To enable McGervey to buy this coal, Cross thereupon drew up, in his own handwriting, two promissory notes, amounting in gross to $800, to James Moore or order, and McGervey signed them as maker. Cross then indorsed them in blank, and handed them to McGervey, to be delivered to Moore for coal. They were so delivered, and the coal was received by McGervey, and all parties understood that it was sold on the strength of Cross's indorsement. Yet on the paper *itself*, from merely looking at it without reference to these extrinsic facts, Cross appeared to be second indorser and Moore first indorser.

After delivery of the coal and receipt of the notes, Moore got them discounted. At maturity they were protested in the usual way, and notice of protest served on Cross.

Moore, as plaintiff, commenced suit on them against McGervey, as maker, and against Cross, as indorser.

VOL. XVII. 25

Cross put in defence, and insisted that he was an indorser, posterior in legal effect to the payee, Moore, and could not be made liable to the payee, and that parol evidence was inadmissible to show the foregoing facts as to the origin and consideration of the notes.

There were two trials before the referee, who each time found a verdict in favor of the respondent, Moore, for the amount of the two notes against Cross, the indorser, and each of the verdicts was reversed on appeal, by the general term of the supreme court. Finally, a reargument was ordered on the last reversal, and after a full argument before the three judges, ROOSEVELT presiding, they rendered final judgment for the respondent Moore, against Cross, the indorser, for the amount of the two notes.

From that judgment, the indorser, Cross, appealed to the court of appeals.

D. McMAHON, *for Moore, the respondent.*
S. F. CLARKSON, *for Cross, the appellant.*

JOHNSON, Ch. J. This action is upon a promissory note, made by one McGervey, payable to the order of James Moore, and indorsed in blank by John A. Cross, James Moore and John McNamee. The plaintiff is the James Moore to whose order the note is payable. It was proved that upon a negotiation for a sale of coal, by Moore to McGervey, Moore agreed to sell him the coal for his note, indorsed by Cross, and that for this purpose Cross indorsed the note. The sale accordingly took place, and the coal and the note indorsed by Cross were respectively delivered. The note was discounted for Moore, at the Atlantic Bank, and, being unpaid at maturity, was duly demanded and notice duly given to Cross. It was subsequently taken up at the bank by Moore, the plaintiff. The question is, whether, on this state of facts, Moore can recover in this action against Cross?

It is quite conceivable that, in the ordinary course of business, a promissory note may, before it falls due, come to the

hands of a person who already appears upon it as payee or indorser. In such a case, he cannot maintain an action against any of the parties whose indorsements are subsequent to the first appearance of his name. The legal reason is, that each of these persons, on paying to him the note, would have an immediate right to demand payment from him on his earlier indorsement. The law, to avoid this circuity, denies an action to a party thus situated. If the note had passed through his hands without indorsement, or if it had been indorsed without recourse by him, the reason would not exist, and there could be no objection, founded on his prior holding or indorsement, to the maintainance of an action by him against the parties liable on the note.

Again, if a note be made and indorsed for the accommodation of A., who indorses it to another person, and afterwards, in the course of trade, again becomes the holder, he could maintain no action against the maker and indorser, for his accommodation, notwithstanding their apparent liability to him on the face of the paper. The fact of the accommodation, making and indorsing, might be proved to defeat the action, and it would establish that the agreement of the parties, contrary to the legal inference from the face of the paper, did not impose a liability on the maker and indorser, to pay the party suing.

This, in principle, is very like what the plaintiff seeks to maintain in this case. Having brought his action as holder, and producing the paper indorsed in blank, he has *prima facie* made out a title as such, and, to rebut the inference which arises on the face of the paper, that a recovery by him against Cross would only lead to a new recovery by Cross against him, he shows that the defence of circuity is not available against him, inasmuch as Cross could have, by the original agreement of the parties, no recovery against him. The case is, as to its legal merits, the same as if Cross had taken up the paper from the bank, and brought an action against Moore, as payee, and in such a case no one could doubt the competency of the proof of the facts now in proof, or their conclusiveness to defeat Cross's action. (*Labron* agt. *Woram*, 1 *Hill*, 91.) Between

parties thus standing in immediate privity with each other, an action could no more have been maintained by Cross against Moore, than it could had Moore been strictly an accommodation indorser for Cross. When this note was originally in Moore's hands, the blank indorsement of Cross could have been rendered entirely conformable to the real agreement and object of the parties, by Moore making his own indorsement without recourse in terms. Upon such an indorsement, the paper would no longer have afforded a *prima facie* answer to Moore's action against Cross, nor could Cross have maintained that such an indorsement was unwarranted, as it would have exactly carried out the intention of the parties.

Between these parties I can see no reason why the indorsement might not thus have been made at the trial, or why it may not now, being a mere matter of form, and the right to make it being proved, be treated as made. Some confusion has been thrown around this subject, from what has been finally settled to have been an error, treating such an indorsement as a guaranty, and charging the indorser as a maker or guarantor. This doctrine was advanced in *Herrick* agt. *Carman* (12 *John.* 160), and was adjudged in *Nelson* agt. *Dubois* (13 *John.* 175), and *Campbell* agt. *Butler* (14 *John.* 349), it was attacked in *Dean* agt. *Hale* (17 *Wend.* 214), and in *Seabury* agt. *Hungerford* (2 *Hill*, 80), and was finally overthrown in *Hall* agt. *Newcomb* (3 *Hill*, 233), and the same in error (7 *Hill*, 416). The chancellor, in his opinion in the latter case, says: "If the object of the second indorser was to enable the drawer to obtain money from the payee of the note, upon credit of the accommodation indorser, he may indorse it without recourse, and by such indorsement may either make it payable to the second indorser or to the bearer, and such original payee may then, as legal holder and owner of the note, recover thereon against such second indorser, upon a declaration stating such special indorsement by him, and subsequent indorsement of the note to him, by the second indorser."

He proceeds to say, that the party might proceed on the

common counts, giving a copy of the note and indorsement, but that he must in either case show demand and notice to charge indorser. In *Spies* agt. *Gilmore* (1 *Comst.* 321), the doctrine came before this court, under slightly different circumstances. Want of demand and notice were held to be excused upon the circumstances of the case in the superior court. In this court it was discussed and decided on the question of the sufficiency of the excuse, and not an intimation is to be found throwing any doubt upon the position that, had those defects not existed, the plaintiff might have recovered. The later cases of *Brown* agt. *Curtis* (2 *Com.* 225), *Hall* agt. *Farmer* (*id.* 553), and *Durham* agt. *Manrow* (*id.* 533), being upon written guarantees, and not upon indorsements, are not applicable to this case.

The case of *Herrick* agt. *Carman* (10 *John.* 224, *and* 12 *John.* 153), and *Tillman* agt. *Whalen* (17 *John.* 326), are entirely in harmony with this view. In neither of them was it made to appear that the second indorser put his name on the paper, to give the maker credit with the payee. On that ground, each of them was decided, while the whole scope of the opinions show that, with that proof, the court would have sustained a recovery. The case of *Waterbury* agt. *Sinclair* (16 *How. Pr.* 329) sustains the general position of the plaintiff, as do the opinions of Mr. Justice S. B. STRONG and Mr. Justice EMOTT, though the decision of the former was overruled upon the ground that there should have been an actual indorsement without recourse.

It seems to me that, under the present system, if a right so to indorse appears, and it may be done even at the trial, substantial justice is promoted by regarding it as done, and looking upon its actual doing as the merest matter of form.

The recovery was founded on correct legal principles. The fact that an indorsement without recourse would present exactly such a case as might frequently happen in the transaction of business, and, if so happening, would strike no one as violat-

ing the ordinary theory of promissory notes, shows that the real rights of these parties are capable of being enforced, without any violence to any rule of law, under the contract they have actually made.

Judgment of affirmance in favor of respondent, with costs.