## N. Y. COMMON PLEAS.

### JOHN LUFT and others, agt. CHARLES GRAHAM and others.

Where it became the duty of the appellant's attorneys to see that the cause was restored to the calendar of the general term, as part of the conditions upon which they were relieved from a former default—which they did not do ; and the respondent's attorney in accordance with that order, finding it omitted from the calendar on the 1st day of the October general term, procured it to be restored, and some days afterwards it was regularly called to a judgment of affirmance by default:

*Held* that this action was regular, and in consideration of this being a second motion by the appellants to be relieved, it was proper that the court look into the merits presented by the justice's return.

*Held*, also, that the testimony in the court below warranted the justice, notwithstanding the form of the note, to find that the note was indorsed by the appellants for the accommodation of McKenzie, one of the defendants, and for the purpose of enabling him to procure a release of his wagon from the plaintiffs' lien. Under such circumstances their liability as accommodation indorsers is well established by the court of appeals in *Moore* agt. *Cross*, (19 *N. Y.*, 227.)

A DEFAULT was taken at the May general term, which was opened by consent, the case to be restored to the calendar and argued that term. The case was so restored by respondent's attorney and appellants, and respondent waited during the May term for the appeal to be heard ; the case came within three or four of being reached when the general term adjourned.

The next general term, October, respondent's attorney, not finding the case upon the calendar, calls the attention of the clerk to the fact, who discovers his mistake and places the appeal upon the calendar No. 147c. This is done after the calendar of the general term is called through, appellants' attorney being present, and not hearing the case called, concludes it is not upon the calendar and goes away. Several days afterwards the appeal was reached, and upon the refusal of the judges to postpone so that appellants could

be notified, or that the cause go over the term, a second default was taken and judgment entered, which appellants moved to vacate for irregularity, upon the grounds that the case was not on the calendar for said term on the first day of the term; that said cause was not regularly placed on the calendar for said term, no consent having been obtained, and no notice of motion to place said cause on the calendar having been given, and no motion to place said cause on the calendar for said term having been made.

> JOHN L. and WILLIAM LINDSLEY, *for defendants, appellants.*
>
> GEORGE F. LANGBEIN, *for plaintiffs, respondents, cited:*

Section 364 of the Code of Proceedure, and contended that even if the default should be opened as a matter of justice, there were no merits in the appeal, which a glance at the return of the justice would show, and cited *Moore* agt. *Cross,* (19 *N. Y.,* 227.)

ROBINSON, *J.*—It was the duty of the appellants to see that the cause was restored to the calendar of the general term as part of the conditions upon which they were relieved from a former default. This they neglected to do, and respondents' attorney, in accordance with that order, finding it omitted on the first day of the October general term, procured it to be so restored, and some days afterwards it was regularly called to a judgment of affirmance by default.

I regard this action as regular, and in consideration of this being a second motion to be relieved, regard it but proper to look into the merits presented by the justice's return.

The note upon which a recovery was had was given by the defendant, McKenzie, to plaintiff for repairs they had done to his wagon, and on their refusal to surrender their lien on it except upon the security of a good indorser.

Upon this consideration the note in suit was given by Mc-Kenzie with the indorsement of the appellants, a credit of two months being allowed. Instead of note being drawn to the order of the appellants, it was in terms made payable to the order of the plaintiffs. The testimony warrented the justice, notwithstanding the form of the note, to find that the note was indorsed by the appellants for the accommodation of McKenzie, and for the purpose of enabling him to procure a release of his wagon from the lien. The appellants, though seeking to avail themselves of a legal cavil that their names would appear as second indorsers, and their private intention was to make an indorsement to strengthen the note, do not deny their knowledge of the object for which the note was given, nor do they pretend they communicated to plaintiffs any intention to limit their responsibility as accommodation indorsers for McKenzie, with the sole view of obtaining, on the indorsement, a release of the property from respondents' lien.

Under such circumstances their liability is well established by the court of appeals in *Moore* agt. *Cross,* (19 *N. Y.,* 227.)

Their appeal is without merits, and this application to be again relieved from a fault must be denied with $10 costs.