By the Court.—Sedgwick, J.
—It appeared on the pleadings and by the note in. evidence, that the defendant’s indorsement was made before the delivery of the note to the payee. The presumption was that the defendant was not liable to the payee. His liability would be that of an indorser subsequent to the payee’s indorsement. To establish a cause of action in favor of the plaintiff, he was bound to show that the defendant indorsed, for the accommodation of the maker, to give credit,to the maker with the payee, or to become surety to the payee for the payment of the note (Hall v. Newcomb, 7 Hill, 418; Moore v. Cross,. 19 N. Y. 227; Bacon v. Burnham, 37 Id. 614; Meyer v. Hibsher, 47 Id. 265; Phelps v. Vischer, 50 Id. 69; Clothier v. Adriance, 51 Id. 323). Necessarily, to prove this, he had to resort to the facts extrinsic of the note. The question, “State the circumstances under which you received the note?” asked of the plaintiff, but not allowed to be answered, had a tendency to draw out the facts, from which it might appear to the jury what was the defendant’s real relation to the note and the plaintiff.
Again: it appeared in evidence that the note was given to the plaintiff by Totten, for plastering done on certain houses. The plaintiff was asked in his own behalf, “What interest, if any, did Thomas W. Smith tell you that he had in these buildings ? ” No objection was taken to the form of the question, but the court, on objection, ruled it to be inadmissible. Although Totten was owner of the houses, the defendant might have had an interest in them. If he in fact had, he was interested in the very consideration of the note. To show this by his admission, would prove that he had a motive to become surety for Totten, the maker.
The defendant’s counsel objected on the trial to the first question, on the ground that it could not be admitted under the pleadings. The complaint was *206 charged with being defective, in that it set out the facta only that showed the defendant was a second indorser to the plaintiff, and therefore not liable to him, and did not set out the facts necessary to establish a legal liability.
The plaintiff, according to the record here, moved and was permitted to amend the complaint, by alleging an indorsement of the note by plaintiff, and then repeated the question, which was again overruled. I do not see how such a general amendment can be deemed as affecting the meaning of the original complaint, nor do I see where it was meant to be inserted. If it was intended to aver, an indorsement, without recourse, by plaintiff on the note before the defendant’ s' indorsement, the complaint would not be aided while its other allegations stood, unless one of these allegations was in substance that the defendant intended to become surety for the maker to the payee. If there were such an allegation, it would be immaterial to state the indorsement without recourse, for that is a mere form, and may be done at any time, even on an appeal (Moore v. Crow, supra).
Formerly, according to the opinion of the chancellor in Hall v. Newcomb, supra, such an indorser might be treated as an ordinary indorser, by declaring against him under the money counts, with a copy of the note attached, by virtue of the statute of April 25, 1832, as amended by Laws of 1835, ch. 211 (4 Edm. Stat. 453). Conkling v. Gandall, 1 Keyes, 229, makes it at the least doubtful whether this could be done under section 162 of the Code. But here, there is in the complaint no attempt to charge him, as an ordinary indorser, the special facts, which show the contrary being averred. I, however, think that there appears sufficient on the face of the complaint to show that defendant’s indorsement was alleged to be as surety for Totten. At any rate, the defendant so understood, for *207 Ms answer makes denials, as if averments to that effect were in the complaint. The mere fact that the defendant indorsed for a consideration, or value received, would not of itself give the payee a right of action. The defendant would receive the consideration for incurring the liability of second indorser. The complaint goes further, and states that the defendant, after indorsing, delivered the note for value received to the plaintiff, who, on the faith of such indorsement, accepted it. The averment implies that the delivery and acceptance were one act. The acceptance was not general, but on the faith of the indorsement. This modified acceptance characterizes the delivery, which was cotemporaneous. The averment is, therefore, argumentatively, .that the defendant delivered the note, that the plaintiff might take it on the faith of his indorsement. This construction of the complaint is such, that the plaintiff should have been allowed to put the question, as relevant to a cause of action stated in the complaint. For the same reason, the second question should have been allowed. As the case stands, its merits have not been fully tried.
The judgment should be reversed, with costs, to abide the event.
Yah Yoest and Speib, JJ., concurred.