JOHN LYNCH, RESPONDENT, v. JOHN J. LEVY, APPELLANT.

*Action upon promissory note — demurrer — when frivolous.*

In an action by the payee against the indorser of a promissory note, the complaint alleged the making of the note by the maker and "that the defendant then and there, and before the delivery of said note to the plaintiff, indorsed the same to the plaintiff for value, and that said note was afterwards, and before the commencement of this action, delivered to the plaintiff herein for value," etc., and then alleged the failure to pay the note and due notice thereof to the defendant. The defendant demurred on the ground that the complaint did not state facts constituting a cause of action. *Held*, that the demurrer was frivolous. *Woodruff* v. *Leonard* (1 Hun, 632) distinguished.

APPEAL from a judgment rendered on a frivolous demurrer to the complaint.

*Joseph C. Levi*, for the appellant.

*Wm. G. Bussey*, for the respondent.

BRADY, J.:

This action was brought by the payee of a note, against the defendant, and upon these allegations: First, that heretofore one A. M. Cristalar made his certain promissory note, in writing, dated at the city of New York, on the 27th day of May, 1874, wherein and whereby the said A. M. Cristalar promised to pay to the plaintiff the sum of three thousand and five hundred dollars ($3,500), two months after the said date, at No. 691, Broadway, New York city. Second, that the defendant then and there, and before the delivery of said note to the plaintiff, indorsed the same to the plaintiff for value, and that said note was afterwards, and before the commencement of this action, delivered to the plaintiff herein for value, and the plaintiff became, and now is, the owner thereof for value. Third, that at the maturity thereof the said note was duly presented for payment, and payment thereof duly demanded, but the same was not paid; of all which due notice was given to defendant, and that no part of said note has been paid.

The defendant demurred, upon the ground that the complaint did not state facts constituting a cause of action. On motion, the demurrer was declared to be frivolous, and a judgment accordingly entered.

There can be no doubt that if in such a case as this there are allegations showing that the indorsement was made to give the maker credit with the payee, the action can be maintained. The payee can at any time, even at the trial, indorse the note without recourse, or it can be considered done, for the purposes of the action. Both of these propositions are decided by the case of *Moore* v. *Cross* (19 N. Y., 227). In that case the special circumstances changing the apparent relation of the defendant, as second indorser, were stated, and presented the facts, therefore, upon which the court could determine the precise attitude upon which the parties stood, each to the other. The question arising herein is one of pleading, and it is whether the allegations set forth are sufficient to bring this case within the principle of the one cited. They seem to be sufficient. They result in this, namely : A. M. Cristalar, on the 27th May, 1874, made his promissory note, by which he promised to the plaintiff the sum of $3,500 ; the defendant then, and before the delivery of the note to the plaintiff, indorsed and delivered it to him for value, and he became the owner for value. This may be criticised as an indefinite mode of stating the transaction, but it is clearly sufficient to show that the indorsement by the defendant was not that of a second indorser, and that he became bound to the plaintiff by a legal consideration for the promise to pay the amount of the note to him. The complaint differs, therefore, materially from that in *Woodruff* v. *Leonard* (8 S. C. N. Y. [1 Hun], 632). It may be supposed from these averments that the credit was given either to the maker or the defendant on the strength of the latter's indorsement, but it matters not which, so far as the defendant's liability is concerned. The allegations, therefore, are sufficient, although signalized by the words "for value," to express the fact that a consideration moved to the defendant from the plaintiff for the indorsement (*Prindle* v. *Caruthers*, 15 N. Y., 427 ; *Benson* v. *Couchman*, 1 Code R., 119), and to show that the plaintiff was not in any sense bound to the defendant by reason of his relation to the paper. The course of the defendant, therefore, was to move to make the com-

plaint more definite and certain, and he might have succeeded in that effort. A plain statement of facts is all that is necessary now to perfect a pleading; and when the substance is present, although somewhat shadowy in form, the remedy is to make it more apparent, by demanding a more certain and definite exposition.

The learned justice at Special Term was right in declaring the demurrer frivolous.

DAVIS, P. J., and DANIELS, J., concurred

Judgment affirmed.