FRANCIS H. LEGGETT *et al.*, Respondents, *against* ANNIE E. COCHRANE *et al.*, Appellants.

(Decided December 5th, 1881.)

The payee of a promissory note cannot sustain an action on the note against an indorser who stands apparently in the place of a second indorser, where it does not appear that the latter indorsed the note before its delivery to the payee, nor that he indorsed it at the request of the maker, and there is no other evidence that the indorsement was made to give the maker credit with the payee.

APPEAL from a judgment of the district court in the City of New York for the Sixth Judicial District.

The action was brought to recover the amount of three promissory notes, made by the defendant Cochrane to the order of the plaintiffs, and indorsed by the defendant Walker. Judgment was rendered in favor of the plaintiffs against both the defendants. From the judgment the defendant Walker appealed to this court.

*H. Hoyt*, for appellant.

*J. B. Lord*, for respondent.

J. F. DALY, J.—The action was by the payees of the notes against one who stood apparently in the place of a second in-

dorser, but no evidence was given to show that he indorsed the notes to give the maker credit with the payee, which alone would entitle the latter to recover against him (*Moore* v. *Cross,* 19 N. Y. 227). The notes in this case were not indorsed by the payees, and when the defendant Walker indorsed them he saw and knew that fact of course; but that does not in itself show any right in the payees to recover against Walker. It does not appear that the latter indorsed the notes before they were delivered to the payees; nor that he indorsed them at the request of the maker. The case is barren, in fact, of any proof of the transaction.

Respondent contends, under *Hall* v. *Newcomb* (7 Hill, 420), that the payee may indorse "without recourse," and the note being thus payable to bearer, he may, as such, recover upon it like any other holder, against all the parties. But the authority cited states that the payee may so indorse "without recourse" and recover against the other indorser, in two cases, viz.: "Where such a note is presented to the *accommodation indorser* and is indorsed by him without having been previously indorsed by the person to whose order the same is made payable," and where "the object of the second indorser was to enable the drawer to obtain money from the payee of the note." It will be seen that even when the note is not indorsed by the payee when presented to the other indorser, the latter must be shown to be an accommodation indorser. It is not to be presumed from the indorsement. As the payee claims the right to make the restrictive indorsement now, or to have the court regard it as having been made, he is bound to support his right by proof that Walker is an accommodation indorser. In the language of the learned court in *Moore* v. *Cross,* such indorsement may be made "if a right to so indorse appears" (p. 230).

The judgment must be reversed, with costs.

VAN HOESEN, J., concurred.

Judgment reversed, with costs.