## New York City Court.

General Term—April, 1884.

### CHARLOTTE MACTEAGUE, PLAINTIFF AND RESPONDENT, against EDWARD D. JAMES, DEFENDANT AND APPELLANT.

**Pleading. Action on note.** The plaintiff sued the defendant as the indorser of a promissory note made by one D. S. James, to the plaintiff's order. *Held,* that an answer alleging that the note was indorsed for the plaintiff's accommodation set up a good defense ; and that, owing to the peculiar phraseology of the note, the plaintiff ought to have alleged facts which made the defendant liable as first indorser.

Appeal from an order overruling defendant's answer as frivolous.

The action was against the defendant as the indorser of a promissory note made by one D. S. James to the order of plaintiff. The complaint, after setting forth the making of said note by D. S. James, alleges : " That thereafter, and before the maturity of said note, and before its delivery to the plaintiff, the said defendant, Edward D. James, indorsed the said note, and the same so indorsed was delivered to plaintiff by said D. S. James, for value, before maturity thereof." The complaint then alleges presentment of the note at maturity, demand of payment, refusal, protest and due notice of protest to the indorser, and non-payment of the note.

The answer, first, " denies each and every allegation in the said complaint contained, not hereinafter admitted or qualified ; " and, second, alleges that defendant ndorsed the note for the accommodation of the plaintiff.

*Isaac L. Egbert,* for appellant.

MacTeague v. James.

*Louis S. Phillips*, for respondent.

McAdam, Ch. J.—While the first paragraph of the answer may, under the decisions, be bad as a denial of the allegations of the complaint, the second paragraph of the answer is not open to that objection. That paragraph pleads as an affirmative defense that the note in suit was indorsed by the defendant without consideration, and as an accommodation to the plaintiff, and that such indorsement was made subsequent to that of the plaintiff. The plaintiff is payee of the note, and presumably the first indorser thereon. The new matter pleaded in the answer discloses a complete defense to the note, for, in order to recover thereon, the plaintiff, owing to the peculiar wording of the note, ought to have alleged and was bound to prove, the facts which made the defendant liable as first indorser (See Moore v. Cross, 19 *N. Y.* 227, and Bacon v. Burnham, 37 *Id.* 614, and kindred cases).

The answer was not frivolous, and the order awarding judgment thereon must be reversed, with $10 costs and disbursements.

Nehrbas and Hyatt, JJ., concur.

When a promissory note is made by A., payable to the order of B., and C. indorses it, the legal presumption is that B., the payee, is to be the first indorser, and that C. is to have his remedy over against B., in case C. is obliged to pay the note. *Hence*, B. cannot sue C. upon the note, unless he overcomes the presumption by alleging, and, if denied, proving, that the note was taken by B. upon the understanding that C. should indorse it, and that C. did indorse it with the intention of becoming liable thereon to B. Thus in Moore v. Cross (19 *N. Y.* 227) the entire transaction was pleaded, and a recovery on such a note was sustained.