PETERS et al. v. CHAMBERLAIN et al.

(Supreme Court, General Term, First Department. February 11, 1891.)

VARIANCE—PLEADING AND PROOF.

In an action to charge defendants as guarantors of a note, it appeared that, after they had indorsed the note in blank, the guaranty was written over their signatures by their counsel without any authority for the alteration. Held, that the complaint was properly dismissed, and that a motion to make the pleadings conform to the proof was unavailing, a cause of action against defendants as indorsers being wholly different from the cause of action against them as guarantors.

Appeal from special term, New York county.

Action by William R. Peters and another against Winfield S. Chamberlain and N. J. Botsford. From a judgment dismissing their complaint the plaintiffs appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ. ·

R. L. Harrison, for appellants.　W. N. Bayliss, for respondent Botsford. T. O'Callaghan, for respondent Chamberlain.

VAN BRUNT, P. J.　The complaint in this action alleged the copartnership of the plaintiffs, the organization of the Empire Manganese & Iron Company, and that on the 11th of December, 1889, the defendant the iron company made its promissory note in writing, whereby, 30 days after date, it promised to pay to the order of the plaintiffs $2,222.70, and that after said note was made, and before maturity thereof, and before the same was delivered, the defendants Chamberlain and Botsford indorsed the same as follows: "The undersigned, for value rec'd, guaranty the payment of the within note at maturity.　W. S. CHAMBERLAIN.　N. J. BOTSFORD;" and that at the maturity thereof the said note was duly presented for payment, but was not paid,—of all which due notice was given to the defendants.　The defendants' answer denied that they indorsed the note, as alleged in the complaint.　Upon the trial it was established that the company of which the defendants were officers obtained a loan from the plaintiffs in July, 1889, and notes were given to secure the payment thereof.　A note falling due in December, an arrangement was entered into by which the plaintiffs agreed to take an extended note, with the indorsement of the defendents.　The note in suit was brought to the office of the plaintiffs by one Mr. Dill, who was the counsel of the defendants.　At that time it was indorsed in blank, and, some objection having been raised to the form of the indorsement, Mr. Dill wrote in the guaranty over the signatures of the de-́fendants.　There was no evidence that Mr. Dill had any authority whatever to make such alteration in the note.　Upon this condition of the proof a motion was made to dismiss the complaint, which was granted.　We see no reason to disturb this result.　The relations of the indorsers to this note seem to have been entirely misapprehended, although if the note had remained in its original condition, and it had been affirmatively established that the defendants indorsed the note for the purpose of giving it credit with the plain-

tiffs, the payees therein named, a recovery might have been had against the defendants, under the principles laid down in the case of *Moore* v. *Cross*, 19 N. Y. 227. But their contract was not one of guaranty, and an indorser, under such a contract, could not be charged as a maker or guarantor. This principle is distinctly held in the case cited, and the relations of the payee and indorsers of a note of this description, as contained in the case cited, have been affirmed in many later adjudications. *Bacon.* v. *Burnham*, 37 N. Y. 617; *Meyer* v. *Hibsher*, 47 N. Y. 270; *Phelps* v. *Vischer*, 50 N. Y. 69; *Clothier* v. *Adriance*, 51 N. Y. 322; *Hubbard* v. *Matthews*, 54 N. Y. 43; *Coulter* v. *Richmond*, 59 N. Y. 478; *Jaffray* v. *Brown*, 74 N. Y. 393. This action was brought to charge these defendants as guarantors, the guaranty having been placed upon the note without authority. The nature of their liability as indorsers could not, by any such writing over their signatures, be changed into that of guarantors. But it is urged that under the principles laid down in the case of *Moore* v. *Cross* they might have been held under the proof as indorsers. It is sufficient to say that the complaint contains no allegations of any such facts, and the cause of action alleged against the defendants was entirely different from that on which the proof might perhaps have justified a recovery, had there been no interference with the nature of the indorsers contract. The motion to make the pleadings conform to the proof could not prevail, because a cause of action against the defendants as indorsers' was entirely different from the cause of action against them as guarantors. Upon the whole case, therefore, we think the judgment should be affirmed, with costs. All·concur.