JAMES H. HENDRIE, Respondent, *v.* PETER KINNEAR, Appellant.

*Indorsement of a note before the payee — prima facie liability open to explanation.*

In the State of New York a person who indorses a promissory note before the payee is, *prima facie,* liable only as the second indorser, and is not liable upon it to the payee, but such *prima facie* liability is open to explanation by evidence showing that such indorsement was to give the maker credit with the payee, and that in truth the intention was that he should be the first indorser.

If the payee of a note cash the same with another's indorsement upon it, a cause of action will arise in his favor upon its non-payment against such indorser, and where the note so indorsed is afterwards indorsed by the payee and is subsequently discounted by a bank and thereafter paid by such first indorser, no right of action exists in favor of such indorser against the payee.

APPEAL by the defendant, Peter Kinnear, from a judgment of the County Court of Albany county in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 5th day of March, 1894, upon the verdict of a jury rendered by direction of the court, and also from an order made on the 23d day of February, 1894, denying the defendant's motion for a new trial made upon the minutes, and also from the verdict of the jury directed by the court upon the trial of the action.

*Frederick E. Wadhams* and *Eugene Burlingame,* for the appellant.

*Edward J. Meegan,* for the respondent.

HERRICK, J.:

George Hendrie and George Hendrie, Jr., are co-partners in business, under the firm name of George Hendrie & Son. The plaintiff, James H. Hendrie, is the son of George Hendrie. George Hendrie & Son executed a note which was indorsed, or was to be indorsed, by the plaintiff, James H. Hendrie. George Hendrie and the plaintiff went to a bank in the city of Albany with said note and endeavored to have it discounted; the bank refused to discount the same unless they secured another indorser, and suggested the name of the defendant, who it appears had previously indorsed notes for the accommodation of said firm.

The plaintiff and his father, George Hendrie, then called upon the defendant and stated to him what had taken place and requested

him to indorse the note, which he consented to do. The plaintiff and his father returned to the bank, and shortly thereafter they were joined by the defendant.

· It appears that the first note was made payable to the bank; the form of this note was objected to by the president of the bank, who drew up, or directed the plaintiff or his father to draw up, it is not clear which, a new note. This was drawn up payable to the order of the defendant, and it was first indorsed by the plaintiff in the presence of the defendant, and then indorsed by the defendant, who testifies that he did not see the face of the note, and did not know that it was made payable to his order until after it was protested.

Some stress was laid upon the argument on the fact that the defendant testified that he received the money for the note; this seems to me of little consequence in the case, for it is apparent all through that the plaintiff, or the firm of George Hendrie & Son, received the proceeds of such note, either directly from the bank, or from the defendant after he had received it from the bank.

When the note became due it was protested for non-payment; after some little delay, the plaintiff agreed to pay off such note by installments, paying a portion thereof down, and giving a note for the balance, and when such note became due, to pay a portion thereof, and give his note for the remainder, and so on, until the full amount of the original note was paid. This was done, the plaintiff giving his notes from time to time, each one of which was indorsed by the defendant; after the last one was paid, the plaintiff then having the note in question in his possession, commenced suit thereon against the defendant.

In this State a person who indorses a promissory note before the payee is *prima facie* liable only as second indorser, and not liable upon it to the payee. (*Coulter* v. *Richmond*, 59 N. Y. 478.)

But such *prima facie* liability is open to explanation by evidence showing that such indorsement was to give the maker credit with the payee, and that in truth the intention was that he should be the first indorser. (*Labron* v. *Woram*, 1 Hill, 91; *Moore* v. *Cross*, 19 N. Y. 227.)

The facts in this case, as I have detailed them, are undisputed; the plaintiff offered no evidence in relation to them, his only evi-

dence being the production of the note and protest, and the computation of the interest thereon. It is undisputed that the plaintiff, together with his father, asked the defendant to indorse a note, made and indorsed by them, which they could not get discounted unless the defendant indorsed it for them. That as a matter of fact the plaintiff indorsed the note in question prior to the defendant, and in his presence, and that defendant did not know that the note was drawn payable to his order at the time he indorsed it.

That the plaintiff subsequently recognized his liability as first indorser by making arrangements with the bank to pay said note, and solicited and obtained the defendant's assistance therein, by indorsing his, the plaintiff's, notes from time to time.

All these things indicate in the strongest possible way that the plaintiff solicited defendant's indorsement to give his father's firm and himself credit, and that he and the defendant both understood at the time that such indorsement of the defendant was subsequent to that of the plaintiff, and that he was an accommodation indorser for their benefit, and the note subsequently coming into the hands of the plaintiff under such circumstances, he is not entitled to recover of the defendant.

The plaintiff, it seems to me, is in the same position as if the note had been taken to the defendant and he had advanced the money thereon to them, instead of taking it to the bank and having the bank discount it.

If the defendant had cashed the note with the plaintiff's indorsement upon it, he would have had a cause of action, upon its non-payment, against the plaintiff as indorser. Such being the case, the fact that it was deposited in the bank, discounted and subsequently paid by the plaintiff, gives him no right of action against the defendant, who indorsed it subsequent to the plaintiff, and at his solicitation, for the purpose of giving himself and his father's firm credit at the bank.

It follows that the direction of the jury, by the court, to find a verdict for the plaintiff, was erroneous, and the judgment and order should be reversed and a new trial ordered, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

. Judgment and order reversed and a new trial granted, costs to abide the event.