Per Curiam.

The evidence was legal, and ought to have been received. The suit was between the endorser and his immediate endorsee, and they are, in one sense, original parties, between whom the consideration of the contract may be inquired into. The evidence was to show that the plaintiff below gave no consideration, and was the mere agent of the payees. If that were so, they had no right of recourse to their endorsee; but how his name came on the note, if the payees had never negotiated it, is not explained. In the case of Barber v. Prentiss, (6 Tyng’s Mass. T. R. 430.) which was an action by the endorsee against the drawer of a bill, evidence was received to show that though the endorsement was general, the plaintiff held the bill as agent for the payees, for collection only, and that the payees had requested the drawer not to pay the endorsee, and this was held to be a good defence. Though the payee here has not directed the defendant not to pay to the endorsee, and, therefore, the cases are not in every respect alike, yet such an order cannot affect the merits of the defence in this case; for assuming the fact that the endorsee gave no consideration for the note, but took it merely as agent for the payees, to collect for them, the suit cannot be sustained. The endorser cannot sue the endorsee, and this suit must have been if, contrivance to effect that object indirectly.
JudgmentTeversed.