The Chief Justice delivered the opinion of the court.
The action in the court below was brought by Martinus against Johnson, upon a promissory note drawn by William *183 E. Potts, in *favor of Thomas I. Lowranco, or [*145 bearer, by him transferred, by delivery, to Johnson, and by him endorsed to Martinas. The endorsement was in blank, and was filled up in the common general form at the trial. After tlio plaintiff, had closed his evidence, the defendant offered a witness to prove an agreement of tlio parties, Martinus and Johnson, at the time of the transfer, in relation to it; that according to the agreement, Johnson was not to be considered liable to Martinus as endorser upon the note, and that his name was endorsed merely to enable the plaintiff to collect the money from the drawer. The evidence was overruled, and a verdict and judgment rendered for the plaintiff. The rejection of the evidence is assigned for the reversal of the judgment.
*0 Note.—Johnson v. Martinus, 4 Halst. 144, disapproved in Chaddock v. Vanness, 6 Vroom, 517.
*183 The objection to the testimony is founded on the rule which excludes parol evidence to impugn or alter a written contract. ■ But this rule is wholly inapplicable in the case before us. An endorsement, while yet remaining in blank, and not filled up, is not a written instrument, nor entitled to its effect, protection or immunity. Before the note can be given in evidence to maintain an action, the endorsement must be filled up. A note endorsed in blank, by the original payee, may pass through many hands without further endorsement, and the last holder may fill up the blank with an endorsement to himself, and maintain an action against the drawer or endorser, although neither of thorn knows into whose hands it has found its way until called on for payment. Such, however, could not be the case, if, at the moment of the signature of the endorser, it is a complete ■written contract, and not, as the truth is, inchoate and imperfect, and with something yet to be done, before the right is fully and legally vested in the endorsee. The real nature of the transaction is an authority to fill up the endorsement according to the agreement of the parties, if an agreement is made, and if none is made, with a common general endorsement, such as tlio law presumes the parties *184 intend where no special agreement is made. The fair and bona fide possession of a note with a blank endorsement, furnishes presumptive evidence of authority to fill up the blank in a general, unlimited, unrestricted manner. But the evidence is presumptive only, and leaves to the endorser the liberty, while it imposes on him the necessity, of proving the making of a different, express stipulation. It is competent for a party in possession of a note thus endorsed, to fill up the endorsement, without other evidence of his right to *146] *do so than the mere possession. But it is competent for his immediate endorser, to prove that in so doing he has abused his authority, and expressed the contract different from the stipulation and agreement of the parties. Such conduct on the'part of the endorsee, would be a direct fraud ; and if the very perpetration of the fraud could close up the avenues of detection and preclude enquiry, the rules of law and the courts of justice would merely call, instead of treating, fraud, as that all destroying thing it is so universally and so justly described. If a person, as is sometimes very imprudently done, give his name to a note with a blank left for the amount, but with an express agreement that it is to contain a sum not exceeding one thousand dollars, and it is filled by the payee with ten thousand dollars, in an action on this note by the payee, or by an endorsee with knowledge of the facts, no court would hesitate to receive evidence from a witness present at the signing of the note, of the actual agreement between the parties, and of the authority really given to the holder of the note. Such evidence was received in the case of Ferris v. Saxton, 1 South. 1, without objection either at the circuit or at the bar, as to the nature of the evidence, although the competency of the witness in that case, connected as he was with the event of the suit, was controverted and ultimately denied. The same principle is applicable to the question before ns. The object was to shew that the endorsement was filled up differently from the agreement of the parties, *185 that it should have been so filled up as to enable the endorsee to recover the money from the drawer, but to save the endorser from any responsibility in case of his failure.
In the case of Herrick v. Carman, 10 John. 224, in a suit between the endorser and his immediate endorsee, the Supreme Court of New York said, that they were in one sense original parties, between whom the consideration of the contract might be enquired into, and held, evidence that the plaintiff, the endorsee, had given no consideration for the note, and was the mere agent of the payees, to be admissible, in order to show that no recourse could be had to the endorser. In Barber v. Prentiss, 6 Mass. Rep. 430, the drawer of a bill, in an action by an endorsee, was permitted to show, though the endorsement was general, that the endorsee held the bill as the agent for the payees, for collection only, and that the payees had requested him not to pay the endorsee; and these facts were held to furnish a good defence. In the case of Hill *v. Ely, 5 Serg. and Rawle, 363, was an action by [ *147 the endorsee against the endorser, upon promissory notes, drawn by one Lamb, in favor of the defendant, and by him endorsed in blank, and the plaintiff .proved on the trial, that the notes were delivered to him by the endorser, in payment of coffee purchased of him by the endorser at the time of giving the notes. The defendant, the endorser, offered to prove by the testimony of a witness, that at the time of the endorsements, it was expressly agreed between the plaintiff and the defendant, that the defendant was not to be held responsible as an endorser for the payment of the notes, but that the endorsement was made for the purpose of enabling the plaintiff to collect the money from Lamb, the drawer. The Supreme Court of Pennsylvania held that the evidence was admissible. In Mehelm v. Barnet, in this court, Coxe 86, the defendant had, “ by general words in common form,” •as is said in the report, assigned to the plaintiff a sealed bill, on which the plaintiff had, after two years, sued and *186 failed to' recover, the maker being insolvent, and then brought the action against the assignor, to recover back the consideration paid on the assignment. The defendant offered to prove it was expressly agreed at the time of making the assignment, that the plaintiff should put it immediately in suit, and take it at his own risk. The plaintiff’s counsel objected to the evidence respecting the terms of the assignment, contending that it was going out of the assignment, and varying the instrument, or the construction arising from it, as it stood; that if the defendant meant to put any terms, they should have been stated in the assignment; that after endorsing a note generally, the endorser could not, when prosecuted by the endorsee, set up a special agreement, to overthrow the general operation of.the endorsement. Upon the trial, which was at bar, the evidence was held admissible, Kinsey, Oh. J., and Justice Smith being in favor of it, and Justice Chet wood opposed. The question again' came before the court, on a rule to shew cause why the verdict, which was for the defendant, should not be set aside, and the whole court sustained the admissibility of the evidence.
What might have been the effect of the evidence offered in the present case, on the part of the defendant below, if it had been received, when considered in connection with other evidence which is stated on the bill of exceptions, we are not *148] at liberty to enquire *or weigh. It is enough, that testimony to which the party was legally entitled has been rejected.
Let the judgment be reversed, and a venire de novo awarded.