Mr. Justice Clayton
delivered the opinion of the Court.
There are various reasons assigned for the reversal of the judgment in this cause. 1st. That the certificate of the register of the land office at Columbus, was improperly rejected. 2d. That the deed under which the purchasers claim, was also improperly rejected.
The certificate of the land office is expressly made evidence by our statute, H. & H. 599, and we can see no reason which justified its rejection. Indeed, we do not see that it was necessary on the part of the plaintiff in error, or of his lessor, to show the title of the defendants to the premises. They were defendants in the judgment .under which the land was sold, and which was purchased by the plaintiff under the execution. He became the purchaser of all their title. They were afterwards merely tenants at will of the purchaser, and in an action brought by him were not at liberty to set up a right in any third person, or to deny that as to him they were the owners. Jackson v. Graham, 3 Caines, 188; Masten v. Bush, 10 Johns. 224. In an action of ejectment by the mortgagor against the mortgagee, proof of the due execution of the mortgage deeds is the only evidence required. Adams on Eject. 308. So in an action by the purchaser under execution against the defendant in execution, no evidence of the title of the latter at the time of the sale is necessary. If he acquire an adverse title subsequently, that is matter of proof to be made out in the defence. Henderson v. Overton, 2 Yer. 394.
*119 Neither do we see any sufficient reason for the rejection of the sheriff’s deed. The fact that the purchaser was one of the defendants in the execution, cannot vitiate the sale. If he bought and paid for the land, we know of no reason why he should not occupy the same position with any other purchaser.
It is objected, by the defendants in error, that this Court cannot reverse the judgment because of the fact that the Judge who signed the bill of exceptions to the overruling of the motion for a new trial, is not the same Judge who presided at the trial. The case was tried in November, 1842, but the Judge who then presided signed a bill of exceptions setting out all the evidence, but took the motion for a new trial under advisement. The motion was overruled, and a written certificate to that effect was transmitted to the clerk. At the next ter.m, exception was taken to this order. A different Judge was then-presiding, and signed the bill of exceptions. He certified no new fact, but only stated that the motion for a new trial had been overruled. To prevent a failure of justice, this must be regarded in the same light as if it had been done by the Judge who presided at the trial. Indeed, it is the action of the Court which we revise, and the Court is the same, although the Judge may be different.
It is also urged in behalf of the same party, that the judgment upon the forthcoming bond, under which the sale took place, is void, and that consequently no title passed to the purchaser. The objection to the validity of the bond is the same which was urged to the bond in the case of John J. Clow & al. v. William A. Sharpe. We there held that the bond was not void, though not formal in its terms. We think that opinion was correct.
The judgment of the Court below is reversed, and a new trial granted.