## LESTER *vs.* PAINE.

A check was drawn by W. payable to the order of the plaintiff, and indorsed
    by the defendant. It was negotiated to the plaintiff, by W., in payment
    for property sold. The plaintiff afterwards indorsed the check, and passed
    it, and the same being protested, for non-payment, he retired it, at matu-
    rity. The defendant did not indorse the check to give the maker credit
    with the plaintiff, and did not intend or agree to become liable to the plaintiff
    upon the check, or otherwise than as second indorser. *Held* that the plain-
    tiff oould not maintain an action against the defendant, upon the check.

Under such circumstances, the legal intendment is that the indorser only in-
    tended to become liable as a second indorser, and *subsequent* to the payee.
    And that he indorsed the paper with the understanding that the payee was
    to be the *first indorese.*

Aside from the paper itself, there must be extrinsic evidence that the in-
    dorsement was given with the intent of the indorser to give the maker
    credit with the payee, so that the payee would have a right to indorse his
    name, without recourse.

Knowledge by the indorser that his indorsement is to be used by the maker
    of the check to obtain credit with the payee is not to be inferred from the
    fact that the indorser signed before the payee.

APPEAL from a judgment entered upon the decision of
the court, on the trial, at the circuit. The action was
brought by the plaintiff as payee and holder of a check drawn
by George W. Wilson on the Troy City Bank, for $274.08,
payable on the 19th day of June, 1859, and indorsed by the
defendant. The check was payable to the order of the plain-
tiff. It was negotiated to the plaintiff by Wilson, in pay-
ment for property sold, being at the time indorsed by the
defendant. The plaintiff afterwards indorsed, in blank, and
passed the check, and it being protested, he retired it at
maturity.

The complaint averred an agreement, by which the defend-
ant was to become liable on the check to the plaintiff, to
whose order it was payable. The answer averred that the
defendant neither intended to nor did become liable to the
plaintiff, through his indorsement. It appeared upon the
trial, that the defendant did not indorse to give the maker
of the check credit with the plaintiff, and did not intend or

Lester *v.* Paine.

agree, to become in any manner liable thereon, to the plaintiff. Wilson, the maker, was a co-defendant, and failed to answer the complaint. The cause has been twice tried. The plaintiff succeeded on the first trial. On appeal, the judgment in his favor was reversed, and a new trial ordered. The cause was tried the second time before Justice BARNARD at the Rensselaer circuit, without a jury. The plaintiff was sworn on his own behalf, on the trial, and testified that he received the check from the defendant Wilson in payment for cattle sold by him to Wilson at the time he received it. That when he received it the defendant's name was indorsed on it. That the cattle so sold formed the consideration of the check; that he had not seen Paine in relation to the check prior to its delivery to him, and did not know of any agreement on the part of Paine to sign as security for Wilson. That after he received it he got it discounted at the Market Bank of Troy and then indorsed it. The check was duly protested, and paid by the plaintiff. There was no other evidence given.

The justice found, among other things, that the defendant Paine did not indorse the check to give the maker thereof credit with the plaintiff, and did not intend or agree to become in any manner liable to the plaintiff upon said check, or otherwise liable upon the same than as second indorser thereof; and as a conclusion of law, that the defendant E. Warren Paine is not liable to the plaintiff upon the said check, and that the plaintiff ought not to recover any sum against him thereon ; and directed judgment to be entered in favor of the defendant against the plaintiff, with costs against the defendant George W. Wilson, he not having answered the complaint.

Judgment was accordingly entered in favor of Paine against the plaintiff, for $230.49, costs, and the plaintiff appealed to the general term.

*G. Stow,* for the plaintiff and appellant.

*W. A. Beach,* for the defendant and respondent.

*By the Court,* MILLER, J.   The justice before whom this cause was tried has found that the defendant Paine did not indorse the check to give the maker thereof credit with the plaintiff, and did not intend or agree to become in any manner liable to the plaintiff upon the check, or otherwise than as second indorser thereof.   I do not discover that his finding is not warranted by the evidence in the case.   The testimony is entirely barren of any thing to show a knowledge by the defendant Paine of the facts in reference to the purpose for which the check was given.   This is the great difficulty in upholding the plaintiff's case; and it can only be done upon the theory that the check, being payable to the plaintiff, must be presumed to have been made for the plaintiff's benefit, with the knowledge of the defendant.   I do not think that any such hypothesis is sustainable.   The earlier decisions of the higher courts in this state hold an entirely different doctrine.   The case of *Herrick* v. *Carman,* (10 *John.* 224; 12 *id.* 159,) which was similar to the case at bar, the note being payable to the order of the payee, who was the assignee of the plaintiff, was decided upon the ground that it did not appear that the defendant had sufficient knowledge of the consideration to make him liable otherwise than as second indorser.   Mr. Justice Spencer expresses the opinion that if the plaintiff had supplied this proof the action might have been sustained.   (12 *John.* 160, 161.)   In *Nelson* v. *Dubois,* 13 *John.* 175,) the opinion of the court in *Herrick* v. *Carman* was adopted and applied.   In *Campbell* v. *Butler,* (14 *John.* 349,) where the note was payable to the order of the plaintiff and it appeared that it was made to give the maker credit, with the knowledge of the indorser, it was decided that the rule laid down in *Herrick* v. *Carman* and *Nelson* v. *Dubois* applied.

In *Truman* v. *Wheeler*, 17 *John.* 318,) where the note was payable to the plaintiff or order, and it did not appear that the defendant knew for what purpose the note was designed, or that there was any communication between him and the holder of the note, it was decided that the defendant was only liable as second indorser. I do not understand that this doctrine has been disturbed by any of the later cases. (*See Hall* v. *Newcomb*, 3 *Hill*, 233 ; 7 *id.* 416 ; *Waterbury* v. *Sinclair*, 16 *How. Pr.* 340 ; *opinion of Emott, J.* 341.)

The last reported case where the question has arisen is *Moore* v. *Cross*, (19 *N. Y. Rep.* 227.) It should be noticed that the marginal note of that case is rather broad, and not sustained fully by the opinion. The action was brought to recover the amount of a promissory note made by one McGervey, payable to the order of the plaintiff, and indorsed by the defendant. The facts are similar to those in the case at bar, with the exception that it appeared that the defendant indorsed the note for the purpose of paying for coal sold and delivered by the plaintiff to the maker on the credit of the indorsement, and that the note was delivered thus indorsed, for the coal sold and delivered, *with the privity of the defendant*. The case sustains the doctrine enunciated in the earlier decisions, and Johnson, J. indorses the principle established in *Herrick* v. *Carman* and *Gilman* v. *Wheeler*, and says : " In neither of them was it made to appear that the second indorser put his name on the paper to give the maker credit with the payee." It appeared distinctly in this case that the indorser was privy to the contract, and that his name was put upon the paper for the purpose of giving the maker credit with the payee.

When the case now considered was presented to the court, on a previous occasion, it was held by Mr. Justice Peckham in his opinion, that it was not enough that Lester and Wilson agreed that Wilson should procure Paine as surety, but knowledge should be brought home to Paine, whether he indorsed before or after Lester.

It is quite obvious from the cases cited, that knowledge cannot be inferred from the fact that the indorser signed before the payee. Under such circumstances the legal intendment is that the indorser only intended to become liable as a second indorser and *subsequent* to the payee; and that he indorsed the paper with the understanding that the *payee* was to be the *first indorser*. Aside from the paper itself there must be extrinsic evidence that the indorsement was given with the intent of the indorser to give the maker of the note credit with the payee; so that the payee would have a right to indorse his name without recourse. There was no such evidence on the trial, and I am of the opinion that the decision of the justice was correct, and the judgment entered thereon should be affirmed.

[ALBANY GENERAL TERM, December 1, 1862. *Hogeboom, Peckham* and *Miller*, Justices.]