Sneed, J.,
delivered the opinion of the Court.
This action was brought by A. M. Boyd in the-Municipal Court of Memphis, against Brinkley, and seeks to charge him as endorser of a promissory note-for |879.10, executed by Mary A. Scudder and J. B.. Scudder on the 27th December, 1866, and payable on, the first of January, 1868, to the said A. M. Boyd or order. The proof shows that the note so written- and without endorsement, was left in the possession of Mary A. Scudder, who was to get the plaintiff in error, Brinkley, as security thereon. It was afterward brought and delivered to Boyd by the maker, with the name of H. L. Brinkley endorsed in blank upon it. The proof does not show any understanding, intention or agreement on the part of Brinkley as to-the nature of the liability assumed by him in said endorsement, even if such proof were competent in a court of law, in an action upon negotiable paper-. *151 The note was given for certain personal property-bought of the payee by Mary A. Scudder, and she-states in her deposition that Brinkley endorsed it for-her accommodation.
The payee, Boyd, had never endorsed the note,, except for collection upon its maturity, when upon demand of payment and refusal, the same was duly protested, and notice given to Brinkley, the endorser..
The endorsement of the payee for collection was-thereupon erased, and he brought his action against the endorser, Brinkley, alone, and had a verdict and judgment in the court below, from which Brinkley appeals in error. The plaintiff in error insists that under the facts his attitude upon the paper makes him in contemplation of law a second endorser and only liable as such, and that the payee of the note, who-is by legal intendment the first endorser, can not in a court of. law enforce this liability against him. To-whatever extent the courts of other States may have gone upon this subject, it is the settled law of this State,- that the parties to negotiable commercial paper have fixed the nature and extent of their liability by their written undertakings, and that the written contact can not be varied, altered or modified by parol testimony as to the intention of the parties in a court of law.
A party who simply endorses a negotiable note without more, before the same has been negotiated by the endorsement' of the payee, is presumed in law to have done so in reference to the common course of commercial paper, and the primary liability of the *152 payee, whose endorsement is essential to pass .the title. The .law .which imposes and regulates his liability enters into and becomes a part of his contract. He thereby in legal intendment becomes a second endorser, subject only to the liability which the law attaches to that relation at the suit of any third party in whom the title or right of action may afterward be vested. But the course and order of things in regard to commercial paper cannot be transposed and. reversed in a case like this, by permitting the first endorser to have his action at law against the second. And the payee of a negotiable note is .in legal contemplation in such case the first endorser, whether as a physical fact he has actually endorsed the paper or not. Such is the current of authorities here, and we are not disposed to depart from them: Comparee v. Brockway, 11 Hum., 353; Cahal v. Frierson, 3 Hum., 411; Clouston v. Barbier, 4 Sneed, 336; Lester v. Pain, 39 Barb., 616; Hall v. Newcomb, 7 Hill, 416; Brown v. Curtis, 2 Comstock, 227; Herrick v. Carman, 12 Johns., 159; Tillman v. Wheeler, 17 Johns., 336; 4 Watts, 449: 28 Penn., 44; 44 Penn., 142.
The charge of his honor, the Judge of the Municipal Court, maintaining the opposite doctrine, was, in the opinion of this Court, erroneous.
The judgment will be reversed and the cause remanded.