## HULL, appellant, v. MARVIN *et al.*

*Promissory notes — indorsement — liability as between indorsers.*

Plaintiff agreed to sell to a firm certain property and to accept therefor the note of the firm, indorsed by M. A note payable to the order of plaintiff was made, and the indorsement of M. procured, M. being ignorant of the agreement between plaintiff and the firm. *Held*, that M. was not liable to plaintiff upon the note.

APPEAL from a judgment in favor of defendant entered upon the report of a referee.

This is an action against the makers with the defendant Marvin, as the indorser of a promissory note, in the words and figures following:

" $325.                              SYRACUSE, N. Y., *February* 13, 1871.

" Fifteen months after date, for value received, we promise to pay David H. Hull or order, at the First National Bank of Syracuse, N. Y., the sum of three hundred and twenty-five dollars ($325) with interest.

" (Signed)          DOYLE & ASHFIELD.

" Indorsed: D. H. HULL, Syracuse, N. Y.

" GEO. L. MARVIN, Buffalo, N. Y."

The defendant, Marvin, appeared and defended, and the cause being at issue was referred to a referee for trial. The referee tried the cause and reported and found, in substance and effect, that said Marvin was a second indorser on the note, with the rights of such indorser in respect to the plaintiff, and dismissed the complaint as to the said defendant with costs. The other necessary facts appear in the opinion.

*Sanders & Baldwin*, for appellant.

*Geo. L. Marvin*, respondent, in person.

E. DARWIN SMITH, J. Upon the face of the promissory note in suit, the defendant clearly stood in the relation of second indorser to the plaintiff. And the referee, as matter of fact, having expressly negatived the existence of any extrinsic facts that could change that relation and give the plaintiff the right to indorse such note, without recourse, so as to make it negotiable, and charge the defendant as liable thereon as indorser without recourse to him, within the cases of *Moore* v. *Cross*, 19 N. Y. 227; *Lester* v. *Paine* 39 Barb. 616, and *Bacon* v. *Burnham*, 37 N. Y. 614, the complaint was apparently properly dismissed.

The referee finds that the said note was given for a soda fountain, purchased by the makers, Doyle & Ashfield, of the plaintiff, and that the said makers agreed to make said note for the price of said fountain, and procure the same to be indorsed by the said defendant Marvin for the security of plaintiff; that the note was drawn at Syracuse, where plaintiff and the makers resided, and sent to

Buffalo, where the defendant Marvin resided, to procure his indorsement, and the same was returned to the makers duly indorsed by him, and by them delivered to the plaintiff, who then or thereafter delivered the said soda fountain. And the referee further finds that the defendant Marvin indorsed said note without knowledge of the aforesaid agreement between plaintiff and Doyle & Ashfield, and without agreeing or intending to become liable on said note before the plaintiff, who was the payee named in said note. This express finding of fact is not opposed to the evidence, or is not so against the evidence as to warrant a reversal of the judgment on that ground.

There are several exceptions to the reception and rejection of evidence in the case, but I do not think any or either of them well founded.

The referee was correct in excluding parol proof of the contents of the chattel mortgage given to Marvin by the maker of said note, as stated in the case. And if any error was made in respect to any of such rulings it was cured by the subsequent introduction and reception of said chattel mortgage in evidence.

The several exceptions to the testimony offered and given by the defendant were not well taken. The issue of fact was, whether Marvin indorsed the said note as surety for the makers with knowledge of the use to be made of it, and, as Judge FOLGER states the rule in *Meyer* v. *Hibsher*, 47 N. Y. 270, "was privy to the whole transaction, and knew that the apparent relations of the parties were not the actual ones."

Upon this question Marvin was entitled to negative his knowledge of such facts, and deny his purpose to become such surety for the makers.

The burden of proof was upon the plaintiff to show that the relation apparent on the face of the paper was not the true and actual relation in fact between the parties. This, I think, the plaintiff failed to do upon his own testimony, independently of the testimony of Marvin in his own behalf.

I do not think any error, in substance, was committed by the referee to the prejudice of the plaintiff, and the judgment should, therefore, be affirmed.

*Judgment affirmed.*