AUGUSTA SCHWARZANSKY, Respondent, *against* HORATIO F. AVERILL *et al.*, Appellants.

(Decided June 4th, 1877.)

A person who indorses a note before its delivery to the payee, with the intention of becoming surety for the payment of the note, is liable to the payee, who has advanced money or property, or given credit on the faith of such security, for the amount of the note, although the indorsement was without consideration.

*It seems*, that an allegation in the complaint, that the indorsement was made "for the purpose of obtaining credit" for the maker with the payee, is a sufficient allegation of intention on the part of the indorser to become a surety for the maker of the note.

Knowledge on the part of the indorser that the maker intended to obtain credit with the payee by means of the indorsement, is not to be inferred from the fact that the indorser signed before the payee.

Where, at the time of indorsement, the indorser (defendant) was informed by the maker that he had an arrangement with the payee (plaintiff), by which he could get certain stock if the defendant would indorse the note, and where such note was used to take up another note held by the plaintiff, on which the defendant was liable only as an accommodation indorser. *Held*, sufficient evidence to show that the defendant indorsed the note as surety for the maker.

APPEAL from a judgment of the Marine Court, entered upon a decision of the general term of that court, affirming a judgment entered upon a verdict for the plaintiff, rendered at a trial had at a term of that court.

The action was brought against Simon Van Winkle as maker, and H. Tracy Arnold and Horatio F. Averill as indorsers, to recover the sum of $1,200 and interest, the amount of a promissory note made to the order of the plaintiff.

It appeared from the evidence at the trial, that the note in suit had been given, together with a check of Averill's for $300, in part payment of a former note of $1,500 made to the plaintiff by Van Winkle, and indorsed by Arnold and Averill ; that Van Winkle had given plaintiff the $1,500 note in settlement of certain claims against him and other parties. This settlement also provided for the delivery to Van Winkle,

in certain contingencies, of certain stock of the American Life Saving Suit Company. It appeared also that Van Winkle had obtained the indorsements of Arnold and Averill under an agreement that they were to share in certain stock of the Life Saving Suit Company, which he (Van Winkle) was to obtain by means of the note. There was evidence that the note in suit was indorsed by Averill before being received by plaintiff, and that plaintiff took the $1,500 note on the settlement, and received the $1,200 note in part payment of the former note, relying upon the indorsements.

The judge at trial, in charging the jury, left to them the question of fact as to whether Averill knew, at the time he indorsed the $1,500 note, that it was to be given by Van Winkle to plaintiff, in accordance with the terms of the contract between those two persons, and whether he knew that the $1,200 note was to be given in renewal of the $1,500 one, and as to whether he indorsed the $1,200 note with the intention that it should represent, in the hands of the plaintiff, a valid claim against him.

The jury found a verdict for the plaintiff for the amount of the note and interest.

*W. T. B. Milliken*, for appellant.

*Otto Horwitz*, for respondent.

LARREMORE, J.—On May 3, 1875, Simon Van Winkle made an agreement with the plaintiff for the settlement of certain claims held by her against the American Life Saving Suit Company. As part of the consideration of such settlement, he gave and she accepted his note to her order for $1,500, indorsed by the defendants Averill and Arnold. This note, at maturity, was protested, and on July 9, 1875, Averill paid $300 on account, and the note in suit was given for $1,200, drawn in like manner as the previous note, payment of which was resisted by the defendants, on the ground that as between themselves and the plaintiff no liability existed. Arnold had a non-suit at the trial, but the jury gave

a verdict against Averill, which he claims is not sustained by the evidence.

The liability of the indorser of a note before its delivery to the payee is well settled by the highest authority. (*Moore* v. *Cross*, 19 N. Y. 227 ; *Bacon* v. *Burnham*, 37 id. 614 ; *Phelps* v. *Vischer*, 50 id. 69 ; *Cromwell* v. *Hewitt*, 40 id. 492 ; *Meyer* v. *Hibsher*, 47 id. 265 ; *Coulter* v. *Richmond*, 59 id. 478.)

Applying the law as expounded by these authorities, it will be seen that plaintiff's right of recovery is based upon the averment and proof of two facts:—

I. An intention of the indorser to become surety for the payment of the note in dispute.

II. That she (as payee) advanced money or property, or gave credit upon the faith of such security.

The first point raised upon the argument was, that the complaint was defective within the ruling of *Hahn* v. *Hull* (4 E. D. Smith, 664), and should have been dismissed. No motion to that effect was made on the trial, and ought not to be heard on the appeal. But an examination of the case last mentioned shows that the liability of the indorser (raised on a demurrer) was denied upon an averment that he "indorsed the note to induce the plaintiff to accept the same." In the case at bar it is alleged that the indorsement was made "for the purpose of obtaining credit for the defendant Van Winkle with the plaintiff." Such an allegation is, in my opinion, sufficient to allow proof showing an intention on the part of the indorser to become a surety for the maker of the note, and the exception on this point is overruled.

That plaintiff gave credit upon the faith of Averill's indorsement is fully established, for she so testified without contradiction.

A more delicate question arises as to Averill's intention in making the indorsement. His knowledge that Van Winkle intended to obtain credit with plaintiff (the payee) is not to be inferred, from the fact that he signed the note before the payee. (*Lester* v. *Paine*, 39 Barb. 616.)

He testified that the indorsement was made in pursuance of an agreement with Van Winkle for the purchase of stock

of the American Life Saving Suit Company, and that he did not deliver the note to plaintiff, but to Van Winkle, with whom all negotiations were made ; and Van Winkle swears that the only communication he made to his codefendants was to the effect that he had an agreement with plaintiff, and could procure $30,000 worth of the company's stock if they would indorse his note, and that such agreement was not carried out.

It has been shown, however, that the note in suit was given in part payment of another note, which plaintiff says she would not have surrendered but for the indorsements.

The jury may well have reasoned that the appellant intended to secure such a result, and loaned his name for that purpose. He was interested with Van Winkle in the purchase of stock of the company against which plaintiff held claims, and for which the $1,500 note was accepted in payment and discharge. Before its maturity he applied to her attorney for an extension. As a lawyer, he must then have known the extent of his liability ; that as a mere indorser he had incurred no obligation to the payee. Yet he makes a payment on account, and gives a new security, thereby seemingly recognizing his original indebtedness.

In view of all these facts, the verdict of the jury should not be disturbed.

The remaining exception as to the admission in evidence of the agreement of May 3, 1875, between the plaintiff and Van Winkle, is not well taken. It was part of the *res gestæ* —the basis of the transaction which resulted in the giving of the note in question—and provided for the settlement of claims against the company for whose stock the appellant was negotiating a purchase.

The judgment appealed from should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and ROBINSON, J., concurred.

Judgment affirmed, with costs.