### REED *v.* PHOTO-GRAVURE CO.

*(City Court of New York, General Term. March 27, 1891.)*

PROMISSORY NOTE—INDORSEMENT BEFORE DELIVERY—LIABILITY OF INDORSER.

 The indorser of a note before its delivery to the payee is presumed to have intended to become liable simply as second indorser, and on the face of the paper, without explanation, will be regarded such, and not liable to the payee, who is supposed to be the first indorser. This presumption, however, can be rebutted by parol proof that the indorsement was made to give the maker credit with the payee.

Appeal from trial term.

Action by Emma A. Reed against Photo-Gravure Company to recover on a promissory note in which plaintiff was payee and defendant indorser. There was judgment for plaintiff, and defendant appeals.

Argued before EHRLICH, C. J., and MCGOWN and VAN WYCK, JJ.

*Henry Wehle*, for appellant. *Rollin M. Morgan*, for respondent.

VAN WYCK, J. On March 6, 1889, in an action by Emma A. Reed against A. J. Bishop, one P. I. Clarkin was the attorney of record for plaintiff, Reed. Upon the trial of the case now under consideration the plaintiff was, against objection and exception from the defendant, Photo-Gravure Company, allowed to prove by Clarkin, her attorney in the suit against Bishop, that the time within which Bishop could answer was extended until May 9, 1889, upon receiving from him his promissory note indorsed by Photo-Gravure Company, and with the further understanding with Bishop alone that if the note was paid at maturity (May 8, 1889) that action was to be marked, "Discontinued and settled." The following is a copy of the note:

"$80.　　　　　　　　　　　　　　N. Y. CITY, Mar. 6th, 1889."

"Sixty days after date I promise to pay to the order of P. I. Clarkin, attorney, eighty dollars, at No. 26 University Place. Value received.

               "A. J. BISHOP."

And was indorsed as follows:

"The Photo-Gravure Company. ERNEST EDWARDS, Treas."

             "P. I. CLARKIN, Attorney."

"Pay to the order of Emma A. Reed. P. I. CLARKIN, Attorney."

In view of the fact that P. I. Clarkin was the attorney of record for Emma A. Reed in her action against Bishop, this note must be read just as if it had been drawn to the order of Emma A. Reed. The case at bar against Photo-Gravure Company seems to have been tried below, as shown by the record, and argued upon this appeal, as evidenced by the points of both counsel, upon the theory as to whether or not Ernest Edwards, treasurer, had authority, either express or implied, to make the indorsement for the defendant company, whether or not such act of indorsement was *ultra vires,* and whether

the doctrine of estoppel was to prevail against defendant. However, it seems proper that this appeal should be disposed of without giving serious consideration to these respective contentions of plaintiff and defendant, for in this case there is not the slightest evidence to show that the Photo-Gravure Company, its officers, employes, or attorneys, had any knowledge whatever of the transactions between Bishop, the maker, and Emma A. Reed, the payee, of the note, which, for reasons given above, must be read as if drawn to her order instead of to Clarkin, her attorney. The Photo-Gravure Company's knowledge that Bishop, the maker, intended to obtain credit with Reed, the payee, is not to be inferred from the fact that the company indorsed the note in blank before it was delivered to or indorsed by the payee, for the presumption of law, from the instrument itself, is that one who has indorsed a promissory note before its delivery to the payee intended to become liable simply as a second indorser. Of course this presumption can be rebutted by parol proof that such indorsement was made to give the maker credit with the payee, but no such proof has been made in this case. This rule of law is laid down in *Bacon* v. *Burnham*, 37 N. Y. 614, and *Hull* v. *Marvin*, 2 Thomp. & C. 420, affirmed in 59 N. Y. 652, and most aptly stated by the late Chief Justice CHURCH in *Coulter* v. *Richmond*, 59 N. Y. 481, as follows: "In this state it has been repeatedly held, and is too strongly settled by authority to be disturbed, that a person making such an indorsement is presumed to have intended to become liable as second indorser, and that on the face of the paper, without explanation, he is to be regarded as second indorser, and, of course, not liable upon the note to the payee, who is supposed to be the first indorser." Nothing more need be said to justify the reversal of this judgment, and the granting of a new trial, with costs to appellant, to abide the event.

All concur.