(3 Misc. Rep. 133.)

## BORNSTEIN v. KAUFMAN.

(City Court of New York, General Term. March 17, 1893.)

NEGOTIABLE INSTRUMENTS—LIABILITY OF INDORSER.

In an action on a note, it appeared that defendant indorsed it before delivery to the payee, who indorsed it before maturity. Plaintiff testified that before maturity he showed the note to defendant, and said that the owner wanted him to take it as money. Defendant said that it was his indorsement, and that it would be all right when the note became due. Plaintiff also testified that he went to defendant to see if he was good. *Held*, that plaintiff evidently took the note on the credit of defendant's indorsement, and the court properly directed a verdict for plaintiff. Fitzsimons, J., dissenting.

Appeal from trial term.

Action by Henry J. Bornstein against Mordecai Kaufman on a promissory note. From a judgment for plaintiff, entered on the verdict of a jury by direction of the court, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and McGOWN and FITZSIMONS, JJ.

Louis Steckler, for appellant.
George B. Stoddart, for respondent.

McGOWN, J. One Harriet Edwards, hereinafter named, was made a party defendant in this action. She was not served, however, and the action was defended solely by the above-named defendant. On or about September 1, 1891, said Harriet Edwards made her promissory note, in writing, in and by which she promised to pay, 45 days after date, at 156 West Fifty-Fourth street, to the order of Annie Allen, $250, for value received, with interest. After the making of the note the above-named defendant indorsed the note, and the note, so indorsed by the defendant, was delivered to the said Annie Allen, the payee named therein. Thereafter the said Annie Allen, the payee, duly indorsed said note, and for value received, and before maturity, duly delivered the note to the plaintiff. When the said note became due and payable, the same was duly presented for payment, payment demanded and refused, whereupon said note was duly protested for nonpayment against the maker and above-named defendant and others, as indorsers, and this action was then brought

to recover thereon. The answer of the defendant was, in substance, a general denial. The plaintiff testified that he is the owner of the note. That he obtained it about October, 1891. That he saw the defendant, in respect to the note, the day previous to his accepting it, and before the maturity of the note. That he had a conversation with the defendant. That he asked Mr. Kaufman, "Is this your indorsement on this note?" Then he showed him the note. That Kaufman answered: "Yes, sir; this is my indorsement." That he (plaintiff) said: "The party that has this note wants me to take it as money; and, if I take it, will it be all right?" That defendant said it would be all right when it came due. That defendant said: "There is another one besides this, and, if you will come up to my house to-night, I will fix it up with you," and another one was due. That he took the note, but it was not paid at maturity. A certificate of a notary public was offered and admitted in evidence, certifying that on the 19th day of October, 1891, the note was presented at 156 West Fifty-Fourth street, and payment thereof demanded and refused; that the said note was thereupon duly protested, for nonpayment, against the drawer and indorsers, including the defendant; and that on the same day he duly served, by mail, notice of protest to the defendant, Kaufman. Plaintiff also testified, on cross-examination, that he went to the defendant to see if he was responsible for the note; to see if he was good.

It is claimed on the part of the appellant that Annie Allen, the payee, was the first indorser, and that she could only transfer to the plaintiff, by her indorsement, such rights as she had. That, as she could not recover from the defendant, as second indorser, she could not, by her indorsement made after defendant's indorsement, give any right to the plaintiff to recover of the defendant. The appellant's contention is not supported by Bacon v. Burnham, 37 N. Y. 614, cited in his brief, as that case holds, only, "that, where the second indorser is not made liable at the maturity and nonpayment of the note, no act or indorsement of the payee subsequent to the maturity of the note can render the second indorser liable." Annie Allen, the payee, indorsed the note after the defendant, but before its maturity. The defendant, at maturity, had notice of the nonpayment of the note, as appears by the notary's certificate of protest, which, by section 923 of the Code of Civil Procedure, "is presumptive evidence of the facts certified, unless the party against whom it is offered has served upon the adverse party, with his pleading, or within ten days after joinder of issue of fact, an original affidavit to the effect that he has not received notice of   *   *   *   nonpayment of the note or bill. A verified answer is not sufficient as an affidavit, within the meaning of this section." No such affidavit was served herein. The defendant Kaufman was what may be termed an "irregular indorser." Evidence that defendant wrote his name on the back of the note before its delivery to the payee, without any extrinsic evidence of intention in so doing, raises a legal, but not a conclusive, presumption that he did so for the payee's accommodation, intending to become indorser subsequent to the payee; that he knew the indorsement of the payee must be given before the note could become operative,

and indorsed the note on that understanding.   See Coulter v. Richmond, 59 N. Y. 478.   As between the parties, and those subject to their equities, evidence is competent to rebut this presumption, by showing that the indorsement was made to give the maker credit to the payee.   Id.   Bornstein, the plaintiff, called upon the defendant before the maturity of the note, and showed him the note.   Defendant told him it was his indorsement.   Plaintiff then told him that the party who had it wanted him to take it as money, and asked him, (defendant,) if he (plaintiff) took it, "Will it be all right?"   That defendant said it would be all right when it became due.   Plaintiff further testified that he went to the defendant to see if he was good. He evidently took the note upon the credit of defendant's indorsement; and defendant, evidently, by the statements made by him, intended to let the plaintiff know that he would be responsible for the note; otherwise, what difference would it have made to the plaintiff whether the defendant was a responsible man or not?   Defendant knew that his indorsement upon the note was made by him to give the maker credit, for he had indorsed other notes of the maker in the same way.   He testified that "there is another one besides this, and, if you will come up to my house to-night, I will fix it up with you."   We find no error in the rulings of the trial justice, and the judgment and order appealed from must be affirmed, with costs.

EHRLICH, C. J., concurs.

FITZSIMONS, J., (dissenting.)   The plaintiff should not have recovered judgment unless the testimony showed that he relied upon the indorsement of Kaufman as a surety, and that it was placed upon the note to give it credit; otherwise, he was an accommodation indorser, and known to be such to plaintiff, and not liable upon the note in question.   There is no testimony submitted that, in my judgment, meets the legal requirements in the case.

The judgment should be reversed, and a new trial ordered.