EDWARD S. JAFFRAY et al., Respondents, v. MARIA BROWN, Impleaded, etc., Appellant.

The form of a promissory note does not preclude a recovery thereon by the payee against an indorser; it may be shown that when the indorsement was made the indorser knew it was intended as security for the payee.

In an action upon a promissory note plaintiffs' evidence tended to show that defendant M. gave to the plaintiffs a note for goods sold, they subsequently claimed that they were defrauded in the sale, and threatened to reclaim them unless further security was given. M. took the note to defendant B. and requested her to indorse it, stating that plaintiffs wanted an indorser. She indorsed the note and it was re-delivered by M. to plaintiffs. *Held,* that the statement to defendant B. was sufficient to apprise her that the object of her indorsement was to render her liable to the plaintiffs as surety for the maker, and that there was a good consideration for the indorsement.

(Argued June 9, 1878; decided September 17, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing a judgment in favor of defendant Maria Brown, entered upon an order dismissing the complaint as to her on trial, and granting a new trial.

This action was upon a promissory note made by the defendant Medbury, payable to the order of plaintiffs, and indorsed by said defendant Maria Brown.

The facts appear sufficiently in the opinion.

*Samuel J. Crooks,* for appellant. As the proofs showed plaintiffs to be the first and defendant Brown the second indorser, in order to recover plaintiffs must show facts changing this position and warranting the court in holding that Brown indorsed the note to give the maker credit with the payees. (37 N. Y., 614; 50 id., 69; *Moore* v. *Cross,* 19 id., 227; *Meyer* v. *Hibsher,* 47 id., 265; *Coulter* v. *Richmond,* 59 id., 478–481.) The procuring of Brown's indorsement was a gratuitous act on the part of Medbury, and

defendant Brown was not bound as indorser. (*McNaught* v. *McClaughry*, 42 N. Y., 22–25.)

*Isaac L. Miller*, for respondents. There was a sufficient consideration for Brown's indorsement. (*Freeman* v. *Freeman*, 43 N. Y., 39; *Bohm* v. *Goldstein*, 53 id., 634; *Contl. Nat. Bk.* v. *Nat. Bk. of Comm.*, 50 id., 575; *Voorhis* v. *Olmstead*, 66 id., 113.) Although plaintiffs could not recover against Brown on the face of the note, they could do so by showing that she indorsed it with the intention that the maker should secure credit from the payees, and that the note had been so used. (*Good* v. *Martin*, Alb. L. J., Nov. 3, 1877; *Meyer* v. *Hibsher*, 47 N. Y., 265.)

Rapallo, J. Notwithstanding the fact that the plaintiffs were the payees of the note, yet if the defendant when she indorsed it knew that her indorsement was intended for their security, and that she could not in case she should take it up look to them as first indorsers, the form of the note does not preclude a recovery thereon by them against her as indorser. (*Moore* v. *Cross*, 19 N. Y., 227; *Meyer* v. *Hibsher*, 47 id., 265.) Medbury, the maker testified upon the trial that the note had been given by him to the plaintiffs for goods sold by them to him ; that they subsequently called upon him for further security for his debt, and re-delivered the note to him, to procure an indorser, and that he presented it to the defendant and requested her to indorse it for his accommodation, stating to her at the time that the plaintiffs wanted an indorser and that he, the maker, expected to meet the note when due ; that the plaintiffs wanted to be secured, wanted an indorser. This was quite sufficient to apprise the defendant that the object of her indorsement was to render her liable to the plaintiffs, as surety for the maker, in case he should fail to pay. If the witness in the course of his examination made statements inconsistent with this testimony it was for the jury to determine from the surrounding circumstances which of his statements was the true one. The defendant

takes the further ground that there was no consideration for her indorsement. The consideration between the maker and the holders was sufficient to bind the indorser. The defendant contends that there was no such consideration, because the goods for which the note was given had been delivered without any promise of security, before the indorsement was demanded. Even if it be conceded that a debtor cannot voluntarily give additional security to his creditor for a subsisting indebtedness, the further fact exists in this case that the creditor claimed that he had been defrauded in the sale, and threatened to and was about to reclaim his goods, unless further security was given, and that in consideration of the indorsement in question he relinquished that remedy and the purchaser averted the breaking up of his business which would have ensued. It was not necessary to establish that the claim of fraud was well founded. There is nothing to show that it was not made in good faith, and the adjustment of the matter was a valid. consideration, if one were needed in addition to the indebtedness.

The order should be affirmed and judgment absolute entered for the plaintiffs.

All concur, except MILLER and EARL, JJ., absent.

Order affirmed, and judgment accordingly.