### WYCKOFF et al. v. WILSON.

*(City Court of New York, General Term. April 2, 1890.)*

NEGOTIABLE INSTRUMENTS—LIABILITY OF INDORSER—EVIDENCE.

In an action by the payee of a note against an indorser, defendant may show what was said by the parties at the time as to the purpose for which defendant indorsed the note, in order to disprove the averment of the complaint that it was to secure for the maker of the note credit with the payee, and to show that defendant acted on the assumption, which was authorized by the form of the note, that he was to be liable only as second indorser.

Appeal from trial term.

The action was on a promissory note in these words:

"$200.                                        NEW YORK, Aug. 12th, 1889.

"Two months after date, I promise to pay to the order of Wyckoff Bros. two hundred dollars at the Sprague National Bank, Brooklyn; value received.

"E. R. MIDDLEBROOK.

"Indorsed:

"WYCKOFF BROS.

"LEMUEL H. WILSON."

The action is by the payees against Lemuel H. Wilson, who, according to the form of the note, is second indorser. The amended complaint properly rebuts the presumption arising from the form of the obligation by alleging that the note was indorsed by Wilson to pay for property sold and delivered by the plaintiffs to Middlebrook, the maker, on the credit of such indorsement, and that Wilson indorsed the note for the purpose of securing such credit with the plaintiffs. Middlebrook, the maker, was called by the plaintiffs as a witness at the trial, and upon his cross-examination by the defendant's counsel the following questions were put and rulings made: "*Question.* At the time Mr. Wilson indorsed this note, was there anything at all said about his position on that note? (Objected to. Objection sustained. Exception taken.) *Q.* At the time Mr. Wilson indorsed this note, was there any understanding or agreement as to his position on that note? (Objected to as calling for a conclusion, and as leading, and as immaterial, incompetent, and improper. Objection sustained upon the above grounds, and further ground that the defendant cannot give parol testimony to change the effect of the note. Exception taken.) *Q.* Do you remember that anything was said at the time this indorsement was made in regard to the intent for which Mr. Wilson indorsed this note? (Same objection, ruling, and exception.)" The court directed a verdict in favor of the plaintiffs, and the defendant appeals.

Argued before McADAM, C. J., and EHRLICH, J.

*C. E. Wilson,* for appellant.   *B. Estes,* for respondents.

McADAM, C. J. When Wilson indorsed the note, he had the right to assume from its form that Wyckoff & Co., the payees, (plaintiffs,) were to become first indorsers, and he (Wilson) the second indorser. He also had the right to suppose, and act upon the belief, that, if Middlebrook did not pay the note, and he (Wilson) was obliged to pay it, he would have a remedy over, not only against Middlebrook, the maker, but Wyckoff Bros., the payees (plaintiffs) and first indorsers. The form of the obligation is not conclusive, however, and the parties thereto are entitled to show their true relations to it. Upon this just principle, the payee, as first indorser of a negotiable instrument, may recover from the second on proof that the latter indorsed

to accommodate the maker for the benefit of the payee. Story, Prom. Notes, § 151; *Morris* v. *Walker*, 15 Q. B. 589; *Smith* v. *Marsack*, 6 C. B. 486; *Cady* v. *Shepard*, 12 Wis. 639. The purpose of such proof is to negative the legal presumption arising from the form of the instrument, that the truth may prevail and justice be done. To overcome the legal presumption, however, it is necessary to show that the defendant knew when he indorsed the note that it was to be used by the maker to obtain credit with the plaintiffs, (the payees,) and that although, apparently, the second indorser, he intended to become, and was in truth, the first, and, as such, liable thereon to the payees (plaintiffs) in case Middlebrook, the maker, failed to pay at maturity. *Little* v. *Tyng*, 1 City Ct. R. 309; *MacTeague* v. *James*, 2 City Ct. R. 52; *Moore* v. *Cross*, 19 N. Y. 227; *Bacon* v. *Burnham*, 37 N. Y. 614; *Phelps* v. *Vischer*, 50 N. Y. 69; *Coulter* v. *Richmond*, 59 N. Y. 478; *Jaffray* v. *Brown*, 74 N. Y. 393. In this view, the questions put to Middlebrook were proper, and should not have been excluded by the trial judge. The answers might have shown that the defendant did not know he was expected to become the first indorser on the note, and did not intend to assume that responsibility, but acted on the form of the obligation, which authorized him to assume that he was to become what the form implied, to-wit, the second indorser, with a remedy over against the plaintiffs as payees in case he was obliged to pay the note, in default of payment by those primarily liable. For this error the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.